## Henry C. Freeman

*v.*

## Frances Freeman.

1. Foreclosure—*order for possession.* After the confirmation of the master's report of sale and of the execution of a deed to the purchaser of mortgaged premises under a decree of foreclosure, the court, upon proof of notice to the defendant in possession, of the application, granted an

order upon the defendant for the surrender of the possession to the purchaser, which was duly served. The original decree contained no direction that the mortgagor surrender possession in case of a sale: *Held*, on appeal from the order, that there was no error in making it.

2. APPEAL—*what will be considered on appeal from a particular order.* Where the defendant in a proceeding to foreclose a mortgage appealed from an order of the court requiring him to surrender possession of the premises and denying his motion to set aside the sale and deed, it was *held*, that the appeal did not bring before the court the original record, and therefore no error could be assigned upon it.

APPEAL from the Circuit Court of La Salle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Messrs. BUSHNELL & BULL, for the appellant.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was a bill to foreclose a mortgage, filed by appellee against appellant, in the LaSalle circuit court. Service was by publication. The decree was rendered by default at the June term, 1867. July 28, 1868, the premises were sold under the decree, one Applegate being the purchaser, for the sum of $2760. October 1, 1870, the master executed a deed to the purchaser, and his report was confirmed. At the June term, 1872, the purchaser, upon notice to appellant, made application to the court for an order upon appellant to surrender possession of the premises to the purchaser. Appellant appeared and resisted the application, and made a motion to set aside the sale. It appearing that appellant was in possession of the premises, the court granted the motion for an order upon him to surrender possession, and denied his motion to set aside the sale. The order to surrender possession was duly served upon appellant, and, upon proof being made of the service of the order, and appellant's refusal to comply, the latter took an appeal from the order.

The original decree contained no direction that the mortgagor surrender possession of the premises to the purchaser in case of a sale under it.

We perceive no error in making the order to surrender possession. *Aldrich* v. *Sharp*, 3 Scam. 261. Nor was there error in refusing to set aside the sale. No sufficient reason was shown.

The other questions urged arise upon the proceedings, and in rendering the original decree. The appeal from the order to surrender possession does not bring before us the original record, and no error can be assigned upon it.

The orders of the court subsequent to the decree from which the appeal was taken will, therefore, be affirmed.

*Decree affirmed.*