## Charles H. Waite
### v.
## Mary E. Waite.

Chancery—Appeal—Estoppel.—Where a decree of divorce was entered at the January term, from which no appeal was taken, but the court reserved for future consideration the subjects of alimony and the custody of the children, and at the next succeeding term the parties appeared before the court and the court made a decretal order regarding alimony and the custody of the children, from which order an appeal was taken. *Held*, that the decree of divorce, as entered at the January term, was such a final decree as that an appeal from it, if taken at that term, would lie. No appeal having been taken, the defendant is conclusively estopped by the original decree from alleging adultery on the part of his wife, and his own innocence of extreme and repeated cruelty.

Appeal from the Superior Court of Cook county; the Hon. George Gardner, Judge, presiding. Opinion filed February 17, 1886.

Mr. George F. Westover, for appellant.

Mr. Edward F. Comstock, for appellee.

McAllister, J. This was a bill in chancery by appellee against appellant, her husband, for a divorce upon the grounds of adultery and extreme and repeated cruelty. The defendant answered denying the charges in the bill and filed a cross-bill charging his wife with adultery to which she answered, denying the charge. Issues were formed by replication, and, at the January term, 1885, of the court, the case was tried by a jury, who, after a full hearing, returned a verdict finding the complainant in the original bill not guilty of adultery, but found the defendant guilty of extreme and repeated cruelty, and not guilty of adultery. The defendant entered a motion to set aside the verdict and for a new trial, but having voluntarily withdrawn said motion, a decree was entered at said January term of said court, reciting said verdict and finding

accordingly, dissolving the marriage and freeing the respective parties from the obligations thereof. From that decree no appeal was prayed. But the court having reserved the matters of alimony and the custody of the children for future consideration, at the next succeeding, being the February, term of said court, the respective parties appeared before said court, and a full hearing was granted touching the ages, circumstances, and needs of the children, all being infants; touching the qualifications of the respective parties, in respect to having the custody of the children; touching the means necessary for the support of the complainant and the children and the defendant's pecuniary circumstances, and by a decretal order entered February 24, 1885, the court gave the custody of the three female infant children to the mother, and required the defendant to pay complainant for her support and that of the children in her charge $15 per week, and gave her the use of the homestead, until the further order of the court. From this last decretal order the defendant took and perfected an appeal to this court. Afterward and at the April term of said court, another order was entered, at the instance of complainant and on due notice to defendant, April 13, 1885, that the defendant pay her $15 per week pending said appeal as alimony; and from that order the defendant also prayed and perfected an appeal to this court. Afterward, and July 15, 1885, upon application by complainant and notice to defendant, the court made a further order upon defendant to pay fifty dollars as solicitors' fees, for attending to her interest, as respects said appeals, and defendant took and perfected an appeal to this court from that order.

Now, upon those appeals, there being none, as we think, from the decree at the January term, dissolving the marriage, the defendant's counsel has assigned error upon that decree, and given us a lengthy printed argument upon the evidence, to the effect that it shows the complainant to have been an adulteress, and therefore not entitled to a divorce in her favor, or to the custody of the female infant children or to alimony.

The question whether the decree of divorce rendered at the

January term is before us and subject to an assignment of error, by reason of the appeal, specifically from the decretal order, at the February term, fixing the amount of alimony and disposing of the custody of the children, is one which lies at the very threshold of the discussion of this case.

We are of opinion that the decree of divorce was, as entered at the January term, such a final decree as that an appeal from it, if taken at that term, would lie. There are numerous cases in our reports of such appeals. It is true the provisions as to alimony and custody of children were not made until the February term, and from the decree making such provision the appeal alone was taken. The appeal bond recites that and no other. It is well settled law in this State that appeals have no support from the common law. They are solely the creatures of statute, and consequently they must be taken at the time and in the manner prescribed by the statute. Section 68 of the Practice Act (Hurd's Revised Statutes 1885 p. 907), giving the right of appeal, contains this condition : "*Provided* such appeals shall be prayed for and allowed, *at the term*, at which the judgment, order or decree was rendered," and then prescribes the condition of the bond. The condition of the appeal bond is conclusive upon the question. It makes no reference to the decree of divorce; neither does the order allowing the appeal. The result is that no appeal has been taken from the original decree of divorce. If not, then the defendant can not assign error upon it. His rights, in that regard, must be confined to the orders actually appealed from. The original decree is a part of the record and constituted the basis for the February order, fixing alimony and disposing of the custody of the infant children who had become the wards of the court. But not having been appealed from, was not the defendant · below, at the time of the last mentioned order, and is he not here, conclusively estopped, by that original decree, from alleging that his wife was guilty of adultery ? The decree having expressly found that she was not, we think he was. Hewitt v. Long, 76 Ill. 404. ·And for the same reason he is estopped from alleging his own innocence of the charge of extreme

and repeated cruelty. Of course the conduct of the respective parties, as shown by the evidence in the cause, was competent to be considered by the court below, as respects the questions of alimony and custody of children. But appellant's counsel takes the radical ground that the entire proceedings should be set aside because the appellee was shown by the evidence to have been guilty of adultery. That question not being open to investigation upon this record as it comes here, the whole foundation of appellant's case on these appeals seems to fail.

The order appealed from fixing the alimony and disposing of the custody of the children, seems to us to be reasonable and proper. There was nothing unjust in giving her the use of the homestead and furniture. He receives a salary of $2,500 a year and fifteen dollars a week is no more than reasonable. We are unable to suggest any better mode of providing for the custody of the children than that adopted by the chancellor, especially for the present time. We are of opinion that there is no substantial error in the record, and that the several orders appealed from should be affirmed, with this modification: that, upon appellant complying with the order as to alimony, made at the February term aforesaid, he shall be relieved from that made at the April term aforesaid, which shall be considered as abrogated, but that appellant pay all the costs of this appeal.

Orders modified.