## ALBERT RADGE
### v.
## CHARLES L. BERNER.

*Practice—Decree—Newly Discovered Evidence—Rehearing—Remedies.*

1.   Relief by rehearing is not granted after the recording of a decree.
2.   The proper remedy in such cases is by bill of review, supplemental bill in the nature of a bill of review, a bill to impeach the decree, or one of similar character.

Radge v. Berner.

[Opinion filed February 13, 1889.]

Appeal to the Circuit Court of Cook County; the Hon. O. H. Horton, Judge, presiding.

Mr. N. M. Plotke, for appellant.

Messrs. Wm. Vocke and Harvey Storok, for appellee.

*Per Curiam.* By decree of the Circuit Court entered of record November 29, 1887, Elizabeth Radge, complainant in the court below, was divorced from Albert Radge, the defendant. The day after the entry of the decree, appellant made his motion for a rehearing on the ground of newly-discovered evidence, but the motion was not disposed of until April 26, 1888.

Without commenting on the form in which the rehearing is applied for, it is sufficient to say that relief by rehearing is not granted after the enrollment of the decree. The recording of the decree, in this State, corresponds with enrollment in the English practice. 2 Dan. Ch. Pl. & Pr. (5th Ed.) 1475; Hughes v. Washington, 65 Ill. 249. After the recording of a decree, the remedy is by a bill of review, supplemental bill in the nature of a bill of review, or a bill to impeach the decree, or some such subsequent proceeding. Hughes v. Washington, *supra;* Baker v. Whiting, 1 Story, 218.

The appeal was taken from the order overruling the motion for a rehearing. Only the propriety of that order is now before us. Nat. Ins. Co. v. Chamber of Commerce, 69 Ill. 22.

We have nothing to do with the merits of the case. No error was committed in denying the motion. The order is affirmed.

*Order affirmed.*