THE BELLEVILLE SAVINGS BANK
v.
SUSANA REIS ET AL.

*Mortgages—Foreclosure—Cross-Bill—Decree* Pro Confesso—*Motion to Vacate—Petition for Rehearing—Practice—Default—Time of Entry.*

1.  Under a rule to answer by a certain day named, the time expires so as to justify a default upon the opening of court on that day.
2.  A mortgage and note offered in evidence in the court below upon petition for rehearing, the same having been previously decreed, satisfied and discharged, were properly excluded.
3.  An application for rehearing made at the second term after decree entered, comes too late.

[Opinion filed March 1, 1889.]

APPEAL from the Circuit Court of St. Clair County; the Hon. AMOS WATTS, Judge, presiding.

Mr. CHARLES W. THOMAS, for appellant.

The default on the cross-bill was taken and a decree entered before the rule to answer had expired. The rule to answer was "by next Tuesday," and under it the defendant had all of that day to comply. Higley v. Gilmer, 3 Montana, 433; Oxley v. Bridge, 1 Doug. 67.

The cross-bill was a mere adjunct of the original bill and a decree *pro confesso* thereon might be set aside for any reason at any time before the hearing of the cause. The two bills

make but one case and that case is not disposed of while the original bill is pending.    Fleece v. Russell, 13 Ill. 31.

The decree *pro confesso* was merely an interlocutory order so long as it did not dismiss the original bill, as might have been done under Sec. 33 of the chancery act.

If upon a default it is found that the facts as alleged against the defendant are not sufficient to entitle complainant to relief, the decree will be reversed.   Madison Co. v. Smith, 95 Ill. 328.

Messrs. CHARLES P. KNISPEL and ALONZO S. WILDERMAN, for appellee.

The rule to answer, taken at the February term, was to answer by the next Tuesday; as such a rule has always been construed to mean that the answer was to be filed before the case is called on the day limited the default was not prematurely entered.   Clark v. Ewing, 87 Ill. 344; Webster v. French, 12 Ill. 302.

In case of default the presumption is in favor of the ruling of the Circuit Court.   Carter v. Rodewell, 108 Ill. 357.

Appellant having filed a demurrer to the cross-bill, which was overruled, it was not necessary to enter a rule on it to answer the amended cross-bill, but was a matter of discretion, to do so.   Gregg v. Brown, 67 Ill. 525.

Appellant is not in a position to object.   It *never* filed an answer.   The decree on amended cross-bill was made April 6, 1886, at the February term of court, and duly entered.   At the next succeeding term, May term, 1886, no steps whatever were taken by appellant.   Late in the September term, 1886, viz, on November 29, 1886, the motion to set aside decree on cross-bill was filed, and even that was not accompanied by an answer, but only by a demurrer.

To set aside a default for want of an answer, an affidavit, clearly and specifically setting forth the reasons for the motion, and an answer accompanying the same, should be presented with the application.   Affidavits must show vigilance, and the answer a meritorious defense.   Smith v. Brittenham, 88 Ill. 291;  Burge v. Burge, 88 Ill. 164; Grubb v. Crane, 4 Scam. 105.

REEVES, J.  Appellant filed a bill against appellees to foreclose a mortgage.  Appellees interposed an answer to the bill, alleging that the mortgage sought to be foreclosed had been satisfied.  Subsequently appellees filed by leave a cross-bill asking for a decree of cancellation of the mortgage, and surrender of the note.  Upon this cross-bill there was a decree entered by default at the February term, 1886, of the Circuit Court.  At the May term of the Circuit Court nothing was done in the case.  At the September term, 1886, of the Circuit Court the appellant tendered a demurrer to the cross-bill, and moved to vacate and set aside the decree *pro confesso*, entered upon the cross-bill.  This motion the Circuit Court denied, and thereupon the appellant asked for a hearing on the original bill, and tendered the note and mortgage therein described as evidence, but the court refused to hear the evidence.  Thereupon appellant moved for a rehearing of the cause, which motion was denied by the court.  The first question brought to our attention is the denial of the motion of appellant to vacate and set aside the decree entered upon the cross-bill at the February term, 1886.  We have examined the certificate of the evidence heard by the court upon the motion to vacate and set aside the decree entered at the February term, 1886, upon the cross-bill, which is incorporated in the record, and fail to discover any sufficient foundation upon which said motion should have been granted.  The rule to answer the cross-bill required an answer to be filed on a certain Tuesday.  The default was entered on that day.  Appellant contends that it had all of that day to answer, and that the default was prematurely entered.  We do not so understand the practice in this State.  In Clark v. Ewing, 87 Ill. 344, it was expressly held that when a rule to plead was by a certain day named, the time expired on the opening of court on that day, so far at least as to justify a default on that day.

We find nothing in the rule of the Circuit Court, incorporated in the certificate of evidence, that conflicts with this rule of practice.

· We are therefore of the opinion that if the application to vacate the decree had been entered at the term when the

decree was rendered, this ground would not alone have been sufficient to warrant the court in setting aside the decree. No other ground is shown upon an application to vacate the decree at the second term after it was entered.

The alleged error in the action of the court below, in not admitting the note and mortgage in evidence upon a hearing of the original bill, after the motion to vacate and set aside the decree was denied, is not well taken. It must be conceded that while this decree stood and was in force the courts could not admit the mortgage and note described in the original bill in evidence, for by the decree the mortgage, and the note it was given to secure, were declared satisfied and discharged.

The application for a rehearing of the cause was certainly made too late under any rule of chancery practice with which we are familiar. It is further claimed that one provision of the decree relating to the cancellation of the $4,000 note and the trust deed given to secure it was unwarranted upon the allegations of the cross-bill, and in this particular at least the decree was erroneous. Even if we concede this point to be well taken, it should be remembered that the appeal taken in this case only brings before us for consideration the orders of the court made at the September term, 1886. These orders were, first, the denial of appellant's motion to vacate and set aside the decree *pro confesso* entered upon the cross-bill at the February term, 1886; second, the refusal of the Circuit Court to admit in evidence, upon a hearing of the original bill, the note and mortgage to foreclose which the original bill was filed; and third, the denial of the motion for a rehearing of the cause. The decree *pro confesso* upon the cross-bill is not brought up for review by this appeal, and not being before us we can not consider it. Freeman v. Freeman, 66 Ill. 53; Smith v. Brittenham, 88 Ill. 291.

The orders made by the Circuit Court which are brought before us by this appeal are affirmed.

*Orders affirmed.*