. ARCHIBALD CAMPBELL

v.

FANNIE JACOBSON ET AL.

*Practice—Appeal Bond—Condition of—Should Recite What—Amend-*
*ment by Consent—Upon Terms.*

A decree was entered upon one day and a motion for a rehearing was
denied a few days later, from both of which orders an appeal was
prayed, but the condition of the appeal bond recited only an appeal from
the last order; the propriety of that order alone is before this court.

[Opinion filed April 9, 1892.]

APPEAL from the Superior Court of Cook County; the
Hon. HENRY M. SHEPARD, Judge, presiding.

Messrs. Miller & Starr, for appellant.

Messrs. Blum & Blum, for appellees.

Gary, J.   On the 12th day of August, 1891, a final decree dismissing for want of equity, was entered in the cause below, and the complainant prayed and was granted an appeal bond to be filed by September 21st, following.   On the same day that the decree was entered the appellant filed a motion for a rehearing, which was denied November 9, 1891. As a part of the last order, from which also the complainant prayed an appeal, the appellant, who was complainant, was permitted, by consent of the defendants, to amend his bill as of the day before, but without prejudice to the decree, and, not by such consent, the order allowing the appeal was so far modified as to allow the appeal of the complainant from the August decree, by filing the bond within twenty days from November 9th.

We need not consider the effect of that modification, as the condition of the bond recites only an appeal from the order of Nov. 9, 1891, and therefore only the propriety of that order is before us.   Radge v. Berner, 30 Ill. App. 182; Smith v. Brittenham, 88 Ill. 29.

If the bond recited the decree of August 12th, it would present a different question.   Ettelson v. Jacobs, 40 Ill. App. 427.

Whether the decree of August 12th had been entered of record before the motion for a rehearing was filed, the record does not inform us, nor does it show the ground upon which the motion was denied.   The motion itself states that the decree had not been entered of record, but that is no evidence of the fact, and is apparently inconsistent with what is shown by the record.

It may be, for aught that is shown, that the motion was too late, under the rule of practice in this State; that a rehearing can not be granted after the decree is on record. Radge v. Berner, 30 Ill. App. 182.   But on the merits it appears that the bill contained no allegation under which a

piece of evidence, a notice upon which to base a mechanic's lien, could have been admitted if it had been offered; and it was not offered, as the solicitor who tried the case did not know of it, though it was known to at least one of the firm of solicitors who filed the bill; and the motion for a rehearing, the object of which was to supply these defects, is addressed to the discretion of the court. Prettyman v. Barnard, 37 Ill. 105.

It is urged that the filing by consent, without prejudice to the decree, of the amendment to the bill, entitled the appellant to have the decree set aside and the case reheard; that is, that consent to, and granting, a favor upon terms, avoids the terms; for which no authority is cited, and none occurs to us, except that "one good turn deserves another." The decree of November 9, 1891, which alone is considered on this appeal, is affirmed.

*Decree affirmed.*

Judge SHEPARD takes no part in this case here, having decided it in the Superior Court.