## Quinn Chapel A. M. E. Church v. James Pease, Sheriff.

1. APPEALS—*Allowed by Statute.*—Appeals are allowed in pursuance of statutes, and must be taken at the time and in the manner prescribed by the statute.

2. PRACTICE—*Appeals—When to be taken.*—When a motion to modify or vacate a judgment is made at the term at which the judgment is entered, and the motion is continued to the ensuing term, the judgment may be vacated or modified on such motion at such ensuing term; but if an appeal is to be taken from such judgment, such appeal must be prayed for and allowed at the same term of court at which the judgment is entered.

**Bill,** for an injunction. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 5, 1896.

### STATEMENT OF THE CASE.

The facts in this case as they appear in the record, are as follows:

March 30, 1896, at the March term, 1896, of the Circuit Court, a decree of $1,805.75 and costs was rendered against the appellant, the Quinn Chapel Church, in favor of Louis Hutt, under a creditor's bill filed by Hutt against one B. F. Peniston, a builder, and the church, in Circuit Court case No. 139,116.

April 18, 1896, the last day of the March term, 1896, a motion was made by the complainant to vacate the decree

of March 30, 1896, which motion was continued to the April term, 1896, but no appeal from said decree of March 30, 1896, was either prayed or allowed at said March term, 1896, the motion to vacate being entered of record in the following words:

" Saturday, April 18, 1896, Hutt v. Peniston, 139,116.

" On motion of solicitor it is ordered that the motion to vacate the decree heretofore entered herein, March 30, 1896, be and hereby is entered and continued to the April term of this court."

April 27, 1896 (at the April term, 1896, which term commenced April 20, 1896, the third Monday of April), the motion to vacate came up, and, after argument, was overruled and denied, and an appeal from such denial order prayed and allowed.

May 5, 1896 (also April term, 1696), on motion of Quinn Chapel Church, said order was amended so as to read that an appeal was prayed from the order of April 27, 1896, and from the decree of March 30, 1896, and a bond of $3,500 was filed on said May 5, 1896, by said Quinn Chapel Church.

On April 28, 1896, an execution on the decree of March 30, 1896, was issued and given to the sheriff, the defendant herein, under which execution he, the sheriff, levied on the personal property of the church and advertised the same for sale for May 16, 1896, which sale the injunction herein sought to arrest.

The only question in this case is one of law, and is whether or not the decree of March 30, 1896, is appealed from by the orders of April 27, 1896, and May 5, 1896.

The appellee herein, the sheriff, maintains that said decree of March 30, 1896, was not appealed from and is now in full force and effect, and that the appeal taken by the Quinn Chapel Church is from the orders of April 27, 1896, and May 5, 1896, and not from the decree of March 30, 1896.

SAMUEL J. HOWE and EDWARD H. MORRIS, attorneys for appellant.

MILLARD R. POWERS and EDWIN L. HARPHAM, attorneys
for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE
COURT.

In this State appeals are allowed in pursuance of a
statute, and consequently they must be taken at the time
and in the manner prescribed by the statute. Waite v.
Waite, 18 Ill. App. 334.

In National Insurance Company v. Chamber of Com-
merce, 69 Ill. 22, a judgment was rendered at the November
term, 1872, and during that term a motion to vacate was
entered and continued to the next term, at which term this
motion was heard and overruled by the court and an appeal
therefrom taken, and a bond and bill of exceptions filed in
proper time.

The court, in its opinion, used this language:

" Counsel for appellant seems to treat this as an appeal
from that judgment; in this he is clearly mistaken. Final
judgment was rendered at the November term, 1872, of the
court below. This appeal was not prayed for at that term,
but at the subsequent January term, 1873. The 67th sec-
tion of the practice act (Pub. Laws 1871–2, 348), in giving
the right of appeal, contains this proviso: ' Provided such
appeals shall be prayed for and allowed at the term at which
the judgment, decree or order was rendered.' . This appeal,
therefore, brings before us for review merely the propriety
of the court's ruling upon the motion to vacate the judg-
ment and set aside the default." To the same effect is
Radge v. Berner, 30 Ill. App. 182, and Guyer v. Wilson,
139 Ill. 392.

In this latter case, pp. 398 and 399, the court said: " If
the complainant desired to have the decree dismissing the
bill as to them reviewed on appeal, he should have appealed
from such decree when first entered, and within the time
prescribed by the statute for taking appeals in such cases."
*    *    *. " The right to have a judgment or decree of the
Circuit Court reviewed by the Appellate Court on appeal is

purely statutory, and section 67 of the practice act, by which the right is given, provides that appeals may be taken to the Appellate Court from all final judgments, orders and decrees of the Circuit Courts" (with certain exceptions), "provided such appeals shall be prayed for and allowed at the term at which the judgment, order or decree was rendered."

"This statute is too plain to admit of construction. A party to avail himself of the right to appeal must pray for his appeal and have the same allowed at the term at which the judgment or decree appealed from was rendered, and if that is not done the right to an appeal is gone, and an appeal subsequently perfected gives the Appellate Court no jurisdiction to review or vacate the judgment or decree."

When a motion is made at the term that a judgment is entered, and the motion is continued to the ensuing term, the judgment may be vacated or modified at such ensuing term. This, however, does not affect the statutory requirements as to appealing from the judgment, which appeal must be prayed and allowed at the same term of court the judgment or decree is entered.

The decree of the Circuit Court dismissing the bill for want of equity, is affirmed.