## Siegfried Neulander v. Louis Rothschild and Emil Deutsch.

1. NEW TRIAL—*Motion for—What Equivalent to.*—A motion to set aside a judgment and restore a cause to the calendar for trial is equivalent to a motion for a new trial, and such a motion having been over-ruled it is proper to strike another motion asking for a new trial from the files.

**Transcript,** from a justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Neulander v. Rothschild.

Heard in this court at the October term, 1896. Affirmed. Opinion filed December 14, 1896.

## Statement of the Case.

This is an action brought, originally, before a justice of the peace, by appellees against appellant, to recover the sum of $184.80 on a guaranty said to have been given on appellees by appellant to insure appellees against loss by appellant's son, with whom appellees at that time had a contract to travel for them and sell their wares. Appellant's son proceeded to travel for appellees, reached Omaha, Nebraska, and from thence returned to Chicago, appellees having refused to send him any money. Appellees then demanded payment for the amounts they had advanced appellant's son, and brought suit against appellant upon his guaranty. Depositions of appellees were taken, they being residents of the city of New York, and on November 14, 1895, said justice of the peace gave judgment against appellant for $184.80, from which judgment the appellant took an appeal to the Circuit Court of Cook County.

The case was then noticed by plaintiffs for the short cause calendar, and on February 24, 1896, a jury was called, impaneled, and after listening to plaintiff's depositions, rendered a verdict against defendant for the sum of $184.80; thereupon the court at once entered judgment on the verdict.

On March 11, 1896, defendant's attorney filed a motion to set aside the judgment, and to restore the cause to the calendar for trial, which motion the court overruled.

On the 12th day of March, appellant filed with the clerk of the court a written motion for a new trial, which last mentioned motion the court ordered stricken from the files, and refused to allow defendant's attorney to argue same, and allowed the judgment to stand. The defendant thereupon took an appeal to this court.

S. M. Friedlander, attorney for appellant.

Dupee, Judah, Willard & Wolf, attorneys for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The judgment was entered at the February. term. At the same term appellant's motion to set aside the judgment and restore the cause to the calendar for trial, was overruled; this motion was equivalent to a motion for a new trial. The court having overruled this motion, properly struck from the files another motion, the subject-matter of which it had previously passed upon.

From the order striking this motion from the files, appellant has appealed.

This was not an appeal from the judgment.

No appeal from the judgment has been taken. Guyer v. Wilson, 139 Ill. 392; Quinn Chapel v. Pease, 66 Ill. App. 552.

There is in the record nothing showing that the judgment ought to have been set aside or a new trial granted.

Perceiving no error in the record, the order of the Circuit Court striking appellant's motion for a new trial from the files, is affirmed.