## William J. Brownell v. Brattleboro Savings Bank.
## Same v. Elizabeth R. Boughter.
## Same v. John Gray.

1. APPEAL—*From Orders in Subsequent Proceedings—Effect on Original Decree.*—An appeal from a decree can be taken only at the term at which the decree is entered. If subsequent proceedings are founded upon such decree and an appeal prosecuted from an order or decree entered in such subsequent proceedings, any attack in such appeal upon the original decree is but collateral, and mere error is immaterial.

Bill for Foreclosure.—Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed March 8, 1897.

WILLIAM E. HUGHES, attorney for appellant.

STILLMAN & MARTYN, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

These are appeals from deficiency decrees after distributing the proceeds of the sales under foreclosure decrees. The first dozen assigned errors are to the foreclosure decrees, which are not before us for review on these appeals. An appeal from a decree can be taken only at the term at which the decree is entered. If subsequent proceedings are founded upon it, and an appeal prosecuted from an order or decree entered in such subsequent proceedings, any attack then upon the original decree is but collateral, and mere error is immaterial. Freeman v. Freeman, 66 Ill. 53; Haas v. Chicago Building Soc., 89 Ill. 498; Campbell v. Jacobson, 44 Ill. App. 238.

The errors alleged as to the deficiency decrees are supported neither by the record nor by argument.

The three cases are, as to questions involved, exactly alike, and the decrees are affirmed.