6 295
81 175
81 648

## CAHOON *et al. v.* LEVY *et al.*

The statute concerning mechanics' liens was designed for two classes of laborers and contractors: First, contractors, or material men, who contract directly with the owner of the building himself; and second, laborers, sub-contractors, etc., who have no privity of contract with the owner.

The first class have an actual lien from the commencement of the work until sixty days after its completion; the others have their remedy by giving notice to the owner, and their lien attaches by the service of such notice.

It follows, that a garnishment served on the owner, in a suit against the head contractor after the commencement of the building, and before notice served, must prevail over the lien of a sub-contractor.

The remedy given the sub-contractor is simply in its nature an attachment without suit, but by notice; and having failed to give notice, he must yield to the claim of the attaching creditor.

APPEAL from the District Court of the Sixth Judicial District.

The following facts are admitted for the purposes of the opinion: The plaintiffs brought their action, and recovered judgment in the Court below against the defendant, Levy and others. A writ of attachment

was issued at the time of bringing the action, September 15, 1853, and duly served on one Nathan, for whom Levy was erecting a house, which was not then completed.    Subsequent to the service of plaintiffs' attachment on Nathan, he was served with notices by the sub-contractors under Levy, that they claimed liens on the building for work and materials done and furnished.    The building was commenced August 18, 1853, and these notices were served September 17, 1853.    Nathan admitted an indebtedness of $2,195 75, which he paid into Court.    The plaintiffs moved for an order to have the money due by Nathan to Levy, and which was in Court, paid over to them.    The sub-contractors having been allowed to interplead, opposed the motion, which was overruled by the Court, and the money ordered to be paid to the sub-contractors, and distributed among them pro rata.    Plaintiffs appealed.

*Crocker & Robinson* for Appellants.

*Moore & Welty* for Respondents.

Mr. Chief Justice MURRAY delivered the opinion of the Court.    Mr. Justice TERRY concurred.

This cause has been re-submitted to us for the purpose of obtaining our opinion upon a point, which will be decisive of the whole subject matter of the controversy.

The question presented is, whether the garnishment served upon the owners of the building, before the notices by the sub-contractors, journeymen, etc., becomes a lien upon the fund in the hands of the owner, and takes precedence of the claims of sub-contractors.

The statute was designed for two classes of laborers and contractors; first, master builders, mechanics, lumber merchants, and all other persons furnishing labor or materials, by contract with the owner of the building himself; and second, sub-contractors, journeymen, etc., performing labor, or furnishing materials by contract, with the master builders or contractors, and between whom and the owner there is no privity of contract whatever.    It frequently happens, that persons in building or repairing houses, wharves, etc., prefer to supervise the labor themselves, and in such cases, those engaged in the construction of, or the furnishing of materials, have, by the first section of the Act, a lien on the building, by filing a notice thereof at any time within sixty days after its completion.

The second class, those employed by the master builders, or who contract with or under the first contractors, are provided for by the second, third, and fourth sections of the Act.    They look first to their employer, and next to the owner of the building, who is not responsible to them, except in case of notice served in conformity with the statute.    As to the time in which notice shall be served, the law is silent.    If they are to be allowed sixty days after the completion of the building to serve such notice on the owner, it will not unfrequently occur, that he will be subjected to pay the same amount twice; as it will be impossible for

him to ascertain the claims against the principal contractor, and his agreement with him may be for payment by instalments, or on the completion of the work.

We are of opinion, that the statute intended to provide an actual lien, existing from the commencement of the work until sixty days after its completion, for those enumerated in the first section; leaving all others their remedy by notice to the owner; and no time being fixed when such notice shall be given, that their lien attaches only upon the service thereof; that this mode of procedure was intended to prevent litigation, by substituting a proceeding in the nature of an attachment or garnishment; and this class of cases is put upon the same footing as ordinary attachments in which the rule, *qui prior est in tempore, potior est in jure*, prevails.

Judgment reversed.