# THE NATIONAL INSURANCE COMPANY

*v.*

# THE CHAMBER OF COMMERCE.

1. APPEAL—*appeal must be taken at same term the judgment, etc., is rendered.* Where a judgment is rendered by default, and at the same term a motion is made to set aside the judgment and default, and allow a defense to be put in, which motion is continued to a succeeding term, at which it is overruled, and an appeal is then prayed and allowed, it will not bring in question the propriety of the judgment entered at the preceding term, but only the order overruling the motion.

2. JUDGMENT—*vacating at a succeeding term.* After the term has expired at which a judgment is rendered, the court has no power to vacate the same and allow a defense, even though a motion for the same was entered at the same term the judgment was entered, and continued over.

3. DEFAULT—*assessment of damages by the court.* Under sec. 40 of the Practice act of 1871-2, upon a default in an action at law, the court has

full power to assess the plaintiff's damages without a jury, unless a jury is demanded by one of the parties.

4. AMENDMENT—*of sheriff's return at succeeding term.* The sheriff may amend his return of service upon the defendant by leave of the court after the term at which judgment or decree is rendered, upon notice to the party to be affected by it, and if the record shows that such other party is present in court at the time of granting such leave, this will dispense with the necessity of a notice.

5. DECLARATION—*sufficiency of, not drawn in question on appeal from simple order refusing to vacate judgment.* The sufficiency of a declaration to support a judgment by default, can only arise on an appeal or writ of error to the original judgment itself, and even then this must be assigned for error. It can not arise on an appeal from a supplemental order denying a motion to vacate the judgment and allow a defense to be put in, decided at a subsequent term.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

This was assumpsit, brought by appellee against appellant, to the October term, 1872, of the Superior Court of Cook county, based upon a policy of insurance by the latter to the former. Summons was issued September 25, 1872, to the sheriff of Cook county. The return of the sheriff shows service on the president of appellant September 26, 1872, by reading and delivering a copy thereof to him on that day, but does not say that he left a copy with the president. The record shows, however, that by leave of the court the return was amended, and the amended return is set out in full, showing the reading of the writ to the president, and the delivering and leaving with him a copy thereof, on the 26th day of September, 1872.

October 25, 1872, a declaration was filed, which was ten days before the first day of the November term. November 7, 1872, the defendant's default for want of appearance was entered, and on the 19th of same month plaintiff's damages were assessed by the court at $5218.67, and judgment rendered for that amount, with costs. On the 27th of same month and at the same term, the defendant filed its motion,

supported by affidavits, to set aside the default and judgment in the cause. No action was taken by the court upon the motion, except to continue it to the next term. On the 17th of January, 1873, at that same term, the motion of defendant to set aside the default and judgment taken and rendered at the previous November term of said court, was heard and overruled by the court, whereupon defendant prayed an appeal to this court, which was allowed upon condition that defendant file an appeal bond and bill of exceptions within twenty days, which was done. The bill of exceptions sets forth simply the motion to set aside the default and judgment, as above set forth, the affidavit in support thereof, the decision of the court overruling such motion, and defendant's exception thereto.

Mr. E. W. EVANS, for the appellant.

Messrs. HUTCHINSON & LUFF, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

We have given this case a careful consideration, and must rule against the appellant upon all the points made.

The errors assigned are—

1. In entering the judgment at the term and for the amount, on the proof submitted to the court, without the intervention of a jury.

2. In overruling defendant's motion to vacate the judgment and set aside the default.

3. In allowing the sheriff to amend his return after defendant had made the want of due service a reason for setting aside the default.

4. In assessing the damages without legal proof before the court of the amount of damages.

5. The same as 4th.

It will be perceived that the first, third, fourth and fifth assignments of error question the propriety of the judgment

as originally entered. Counsel for appellant seems to treat this as an appeal from that judgment. In this he is clearly mistaken. Final judgment was rendered at the November term, 1872, of the court below. This appeal was not prayed for at that term, but at the subsequent January term, 1873. The 67th section of the Practice act (Pub. Laws 1871–2, p. 348,) in giving the right of appeal, contains this proviso: "Provided such appeals shall be prayed for and allowed at the term at which the judgment, decree or order was rendered." This appeal, therefore, brings before us for review merely the propriety of the court's ruling upon the motion to vacate the judgment and set aside the default.

It is true, that, if the court had assessed the damages without any evidence, or upon illegal or insufficient evidence, that would afford a material ground upon which to base a motion to have the inquisition set aside. But we are met here with the insuperable difficulty that, at the January term, when the motion of defendant was called up for argument, the court had no power to vacate the final judgment rendered at the previous November term. The 39th section of the Practice act, (Pub. L. 1871–2, p. 344,) is in harmony with the common law. "The court may, in its discretion, before final judgment, set aside any default, and may, *during the term,* set aside any judgment upon good and sufficient cause, upon affidavit, upon such terms and conditions as shall be deemed reasonable."

The law on this subject was settled by this court in *Cook* v. *Wood et al.* 24 Ill. 295. It was there decided that after the term at which final judgment was rendered had expired, the court had no discretion or authority, at a subsequent term, to set the judgment aside.

By the express provisions of the 40th section, page 344 of the act above referred to, the court had full authority to assess the damages without a jury, unless a jury was demanded by one of the parties to the suit. The language of the act is: "In all suits in courts of record, in this State, upon default,

where damages are to be assessed, it shall be lawful for the court to hear the evidence, and assess the damages without a jury for that purpose: Provided, that either party may have the damages assessed by a jury."

So that there is nothing in appellant's first assignment of error.

The second is for overruling the defendant's motion to vacate the judgment and set aside the default. That is answered by what has already been said. The court had no power, at the January term, to set aside the judgment rendered at the previous November term.

The third assignment of error questions the legality of the order granting leave to the sheriff to amend his return. While the question does not properly arise upon this appeal, there is a complete answer to it.

It was expressly decided in the case of *O'Conner* v. *Wilson*, 57 Ill. 226, that the court might grant leave to the sheriff to amend his return after the term at which the judgment or decree was rendered, but it should be done only upon notice to the opposite party to be affected by it.

Now, in this case, the order granting the leave is not, nor are the circumstances under which it was made, or any exception thereto, embraced in the bill of exceptions. But the order, as it stands upon the record, shows that defendant's attorneys were present in court at the time. This, in the absence of a bill of exceptions, is sufficient to show notice, or what dispensed with the necessity of notice. That disposes of all objections to the order.

The fourth and fifth assignments of error challenge the legality and sufficiency of the evidence on which the assessment of damages was made by the court. Such a question can not be raised upon this record. The evidence taken at that time is not preserved by bill of exceptions. There is a presumption in favor of the action of the court. The judgment order recites that "the court, after hearing the proofs and allegations submitted herein by the plaintiff, and being

fully advised in the premises. assess the plaintiff's damages," etc. But if the evidence had been preserved by bill of exceptions, signed and sealed at the November term, still it would not be before us on this appeal, because it is not an appeal from that judgment, and conceding that the question might have been incidentally involved in the motion to vacate the judgment, still, inasmuch as the court had no power to grant that motion, the matter is of no sort of consequence. And again, even if the court had the power to grant that motion, or if it had been passed upon and denied at the same term at which the judgment was rendered, we should have been disinclined to hold that there was any error in such ruling, because there is no attempt to excuse the default, and no grounds of defense are disclosed.

Appellant's counsel have argued at some length that the plaintiff's declaration is insufficient in substance. Even if that were so, the question can not arise upon this appeal from the supplemental order denying the motion to vacate the judgment, etc. It could only arise upon appeal from or writ of error to the judgment itself, and then it would not arise unless assigned for error, which has not been done.

We perceive no error in the record, and the order of the court denying the motion to set aside the judgment, etc., is affirmed.

*Order affirmed.*