# RICHARD CLARK *et al.*

*v.*

# SAMUEL MARFIELD.

1. PRACTICE—*disposing of cause before day set by the clerk.* Whether the provision of the statute requiring the clerk to apportion the causes on the docket for different days of the term, and that they be disposed of in their order, applies to chancery causes, is a matter of great doubt, but if it does, the court has a discretionary power, for good and sufficient cause, to hear a cause before the day it is set for hearing on the docket, and unless it appears that the discretion has been abused, it will not be interfered with by this court.

2. SAME—*no order of record required to hear case out of its order.* Where the court tries or hears a case out of its order on the docket, no written order or rule of the court is required to be entered of record.

3. Where the clerk had set the chancery causes for the 40th day of the term, and the judge, on the 27th day of the term, announced in open court that the call of the chancery docket would commence on the 34th day of the term, and where a case was called on the 35th day, upon the objection of counsel, the court offered opportunity to show cause why they were not ready for trial, or to move for a continuance, which they declined to do, and the court thereupon proceeded with the hearing: *Held*, that the court did not err in hearing the cause before the day set by the clerk.

4. ERROR—*what may be assigned.* It seems a party can not assign errors that only affect another party not complaining.

5. PUBLICATION—*immaterial errors in, will not vitiate.* Where the notice published to a defendant in a chancery suit contains all that the statute requires—the fact that the bill has been filed, in what court, by whom, against whom, and the term of court at which the defendant is required to appear—it will be sufficient, notwithstanding there may be some errors in the recitals of dates, in other respects, if they are not such as to mislead any one reading it.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

This was a bill in chancery, exhibited by Samuel Marfield against Richard Clark and Frederick Miller.

Messrs. SWEET & LOTHROP, for the plaintiffs in error.

Mr. A. J. GALLAGHER, and Mr. J. S. JONES, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The facts alleged to have cast a cloud upon the title of complainant's land, are, a forged deed from complainant to Reuben H. Simpson, and a deed from a party representing himself to be Simpson, to defendants. Although defendants filed their answer to the bill, denying all material allegations, no defense was made on the final hearing in the circuit court. Evidence taken in the cause shows conclusively the deed which purports to have been made by complainant to Simpson was a base forgery, and that he had never parted with his title to the land to any one.

The principal error insisted upon is, the court improperly heard the cause on a different day from the one set by the clerk previous to the session of the court. Prior to the convening of the court, the clerk, as was his duty under the statute, had apportioned the causes for as many days of the term as he thought necessary. The apportionment was made without any direction from the judge of the court. In the allotment made, the chancery causes were all set for the 40th day of the term.

The final hearing of this cause, for reasons deemed sufficient in the mind of the court, was had in advance of the day set by the clerk, viz: on the 35th day of the term. It is insisted the court had no jurisdiction to try the cause on that day, or at least that it was error to do so.

The statute makes it the duty of the clerk of the circuit court, previous to or at the convening of any session, to set and apportion the causes on the docket for as many days of the term as he shall think necessary, or as he shall be directed by the judge, and when that is done, all subpœnas for witnesses in such causes shall be returnable on the day the cause is set for trial. It is then provided, "all causes shall be tried or otherwise disposed of in the order they are placed on the docket, unless the court, for good and sufficient cause, shall otherwise direct." R. S. 1874, p. 777, secs. 16, 17.

Whether these provisions of the statute have any reference to chancery causes, is a matter of great doubt, but conceding they are applicable to chancery causes as well as common law actions, the objection to hearing the case on a day different from the one fixed by the clerk, can not be maintained.

What is "good and sufficient cause" for changing the day of trial, is a matter to be determined by the court in the exercise of a sound legal discretion. Its discretion in such matters, when exercised, can not be reviewed in this court, unless where there has been some flagrant abuse of that discretion that works manifest injustice.

The apportionment of the causes on the docket was not made under any rule of court, or by any direction of the judge, but it was done under the statute. The court, by the same statute, for "good and sufficient cause," of which it is to be the judge, has authority given it to try any cause out of the order it may have been placed on the docket.

In the case before us, it does not appear there has been any abuse of that discretion with which the court is clothed in matters of this kind.

On the 27th day of the term, the judge announced in open court the call of the chancery docket would commence on the 34th day of the term. As to what reasons there may have been for making the change, we need not inquire, inasmuch as it does not appear any injustice has been done. It may have been, in the opinion of the judge, the convenience in the transaction of the public business required this change to be made. If so, it was within the discretion of the court.

Complaint is made that the court did not cause the order or direction given for changing the time of calling the chancery docket, to be reduced to writing and entered upon the record. There is nothing in the statute that makes it the duty of the court to cause such an order or direction to be reduced to writing. It was in no sense a rule of court, nor did it change any former rule of practice. There was, therefore, no necessity for making the announcement a matter of record. The course adopted by the court could work no hardship. When the case was called, counsel for defendants protested against hearing it, for the sole reason it had been set by the clerk for another day of the term, and their clients were not present; but the court offered counsel opportunity to show cause why they were not ready for trial, or move for a continuance. They declined to do either, and thereupon the court proceeded with the hearing of the cause.

Had counsel really been surprised by the calling of the case on a day earlier than the one first fixed upon, they should, when called upon for that purpose, have shown cause against

it. This could have been readily done by showing that, in their belief, defendants had a defense, and that they had made all reasonable effort to notify them of the change of the day of hearing, but they had not been successful, or, for some other cause, their attendance could not be procured. Had they made such showing, the presumption is, the court would have continued the cause until another day in the term, or, if necessary, to the next term of court.

Parties can not be permitted capriciously to refuse to show cause against the hearing. of a cause, and then assign the action of the court as error. Under the statute the court has the clear right, for what it may deem "good and sufficient cause," to direct the case shall be tried otherwise than as placed on the docket by the clerk, and unless reasonable cause is shown against it, the action of the court will be sustained.

The affidavits filed do not aid the motion for a re-hearing of the cause. It does not appear, from anything they contain, there is any defense to the case on the merits. No grounds whatever are disclosed for setting aside the former hearing.

The only other ground insisted upon for a reversal of the decree, that need be noticed, is, that the service on Simpson is not sufficient. The service upon him was by publication. He has not joined in this writ of error, and we are not aware that other parties can assign errors on his behalf that only affect him. But waiving this view of the law, we think the publication of notice is substantially good, and conferred jurisdiction upon the court as to Simpson.

The bill was filed on the 8th day of August, 1872, to the August term of the court. The summons issued in the cause was returned not found as to Simpson. The cause was then continued. Publication was then made as to him. Some errors in the dates in the recitals in the notice published appear, but they are not such as would mislead any one who should read it. The notice, in fact, contained all the statute requires. The fact the bill had been filed, in what court. by whom, against whom, and the term of court at which defend-

ant was to appear, were all accurately stated. According to the doctrine of *Goudy* v. *Hall*, 36 Ill. 313, the notice was sufficient, notwithstanding some errors in the immaterial dates may have occurred in the publication.

No error is perceived in the record for which the decree should be reversed, and it must be affirmed, which is accordingly done.

*Decree affirmed.*