D. M. LEE v. W. A. BISHOP.

*Ejectment—Justice's Judgment, transcript of—Title not affected by irregular judgment.*

1. In ejectment, the plaintiff who is a stranger to the judgment need only show the execution under which the land was sold, in order to establish his title against the defendant in the execution; nor is his title affected by an irregularity in the judgment.

2. A transcript of a justice's judgment containing the names of plaintiff and defendant, the amount of the judgment and costs of action, is sufficient. The law does not require the entire record to be sent up to be docketed.

(*Surratt* v. *Crawford*, 87 N. C., 392; *Wilson* v. *Patton, Ib.*, 318; *Skinner* v. *Moore*, 2 Dev. & Bat., 138, cited and approved).

EJECTMENT tried at Fall Term, 1883, of TRANSYLVANIA Superior Court, before *Gudger, J.*

The plaintiff offered in evidence an execution in favor of Helen Larned against W. A. Bishop (the defendant in this case), and also a deed from the sheriff of Transylvania county, and proved that the defendant was in possession of the land, but offered no other evidence of a judgment except the execution.

The defendant introduced the clerk of the court, who testified that there was no record in his court of any judgment against W. A. Bishop except the record upon page 141 of his judgment docket, which was alleged to be a docketed transcript from J. S. Heath, a justice of the peace, and is as follows:

|  |  |  |
|---|---|---|
| | One judgment, | $1.00 |
| | Docketing same, | 25 |
| HELEN LARNED | Execution, | 35 |
| *v.* | Sheriff's return, | 10 |
| W. A. BISHOP. | Costs in J. P.'s court, | 1.70 |
| | Costs of J. S. Heath, | 1.30 |
| | | $4.70 |

Judgment for two hundred dollars and the costs of this action.
(Signed)          T. L. GASH.
Judgment docketed and transcript filed September 15th, 1875.
(Signed)          T. L. GASH, *Clerk.*

T. L. Gash, the former clerk of the court, testified that a transcript of a justice's judgment in the case of Helen Larned against W. A. Bishop was filed in the office of the clerk of the court

while he was clerk, and from said transcript he made the entries which appear upon the judgment docket of said court, a copy of which is above set out, and he further stated that it was his habit as clerk of the court to docket transcripts of justices' judgments as above shown, and that he did it under the advice of a judge of the court, and that he signed his name at the end of the entry of the judgment on the judgment docket to show that as clerk of the court he had docketed the judgment.

Defendant did not offer the transcript of the judgment except as appears above, nor was there any evidence to show that the transcript of the judgment was not on file in the judgment-roll of the office of the clerk of said court, nor was there any evidence to impeach the judgment, except, as defendant's counsel insisted, that the said entry on said judgment docket was informal and irregular and not sufficient to create a lien on the land of the defendant in said county or to sustain the said execution.

Defendant's counsel asked His Honor to charge the jury :

1. That if the defendant has shown by evidence that there was no judgment docketed in the superior court in favor of Helen Larned against W. A. Bishop, then the defendant has rebutted the *prima facie* case made by plaintiff by the execution and sheriff's deed.

2. That it is necessary that some transcript of the justice's judgment shall appear to be upon the judgment docket, and the justice's certificate must appear. The justice's signature must appear either to the judgment or transcript. That a mere bill of costs, with the amount of judgment in figures without any signature of the justice and without any certificate from the justice, is not a transcript, the same being signed by the clerk of the court.

His Honor refused both instructions and told the jury that the foregoing was a good docketed judgment of a justice of the peace. The jury found a verdict for the plaintiff. The court gave judgment accordingly and the defendant appealed.

*Messrs. J. H. Merrimon* and *Geo. H. Smathers,* for plaintiff.
*Mr. Armistead Jones,* for defendant.

ASHE, J.  The plaintiff in support of his title offered in evidence an execution issued from a court of competent jurisdiction in favor of Helen Larned against W. A. Bishop, reciting the judgment and sale, and a sheriff's deed for the land in controversy, and proof that the defendant was still in possession.  This was all the law required of him, being a stranger to the judgment and execution, to establish his title against the defendant.  He was not bound to show any judgment.  *Hardin* v. *Cheek*, 3 Jones, 135.

The defendant offered in evidence the judgment docket of the superior court of Transylvania county, in which was an entry of the justice's judgment in favor of Helen Larned against W. A. Bishop, the same upon which the execution issued, under which the plaintiff purchased; and contended that the entry was irregular and informal and not sufficient to create a lien on the land of the defendant or to sustain the execution.

Defendant contended, and asked the court to instruct the jury, that a transcript of a justice's judgment should appear upon the judgment docket accompanied by the justice's certificate, and that the justice's certificate or the judgment should be signed by the justice.  And to impeach the validity of the judgment he introduced the former clerk, who was the incumbent when the judgment was docketed, and he testified that a transcript of a justice's judgment in the case of Helen Larned against W. A. Bishop was filed in the office of the clerk of the superior court and that he made the entries, which appear upon the judgment docket, from that transcript, and that it had been his habit to docket the judgment of justices in that manner, having been advised to do so by a judge of the court.

By the introduction of the witness, the defendant established the fact, that a transcript of the justice's judgment had been filed, and it does not appear but that it is to be found among the judgment-rolls of the superior court, and it is not only to be presumed that it is there, but, nothing to the contrary appearing, that it is in due form properly authenticated and signed.

The law does not require that the entire transcript of the record of the judgment in the justice's court, should be entered upon the judgment docket of the superior court. "It is not required," says the chief-justice, "that the transcript, sent up in order to the docketing in the superior court, should contain more than the essential particulars constituting the judgment, and though the signature is not attached to the judgment, it must be assumed, from the terms of the certificate of authentication, that it was entered up regularly and in proper form, in the absence of any proof to the contrary." *Surratt* v. *Crawford*, 87 N. C., 372.

And in *Wilson* v. *Patton, Ib.*, 318, it was held that the transcript of a judgment sent from one county to another to be docketed, which sets out the date of its rendition, the names of the parties to the suit, the amount of the judgment and the costs of the action, is a sufficient docketing to create a lien on the defendant's land.

The entry on the judgment docket in this case, contains all of these essential elements of a good docketed judgment, the names of plaintiff and defendant, the date and the amount of the judgment, and the costs of the action. It would have been a sufficient entry of an original judgment in the superior court, though not signed, for the law requiring judgments to be signed has been held to be only directory. *Rollins* v. *Henry*, 78 N. C., 342.

But conceding, as the defendant contends, that the judgment is informal and irregular, that cannot affect the title which the plaintiff has derived from his purchase. While an irregular judgment does not justify the plaintiff in any of the acts done under it, provided it be set aside, it does the officer; and a stranger, as the plaintiff is in this case, gets a good title even if it be set aside. *Skinner* v. *Moore*, 2 Dev. & Bat., 138. So the plaintiff gets a good title to the land whether the judgment was regular or irregular.

There is no error. The judgment of the superior court must be affirmed.

No error.                                        Affirmed.