## BLAIR ET AL. V. WOLF ET AL.

1. **Judgment.** JURISDICTION: DEFECTIVE NOTICE: COLLATERAL ATTACK:
   FRAUD. A subcontractor brought an action against the principal con-
   tractor and the owner of the improvement to recover for work done,
   and to establish and enforce a mechanic's lien. The original notice served
   on the principal contractor did not inform him that a personal money
   judgment would be demanded against him, but it did advise him when
   the petition would be on file, and the petition prayed for a money judg-
   ment against him, and the court rendered a judgment against him, on
   his default, accordingly. Held—

   (1) That the court erred in rendering such judgment, because it was
   in excess of what was claimed in the notice; but,

   (2) That the judgment was not void for want of jurisdiction of the
   subject-matter or of the person of the defendant, but simply erron-
   eous, and that it could not be attached collaterally; (see authorities
   cited;) and,

   (3) That the taking of such a judgment on such notice and petition
   was not a fraud on defendant, rendering the judgment void.

*Appeal from Wapello Circuit Court.*

TUESDAY, JUNE 28.

ACTION in equity to subject certain real estate, the legal
title to which is in defendant M. L. Wolf, but who holds the
same, as is alleged, in trust for her co-defendant, John S.
Wolf, to a judgment held by plaintiffs against said John S.
Wolf. The circuit court sustained a demurrer to one count
of the answer, and defendants appeal.

*Chambers, McElroy & Carver,* for appellants.

*H. B. Hendershott,* for appellees.

REED, J.—The judgment which plaintiffs seek to enforce
was rendered in 1873 against the St. Louis & Cedar Rapids
Railroad Company and John S. Wolf jointly. It is a money
judgment for $5,836.50, and it established and foreclosed a
mechanic's lien against the road-bed of a railway belonging
to the railroad company. The person in whose favor it was

rendered was a subcontractor under Wolf, and the demand upon which the judgment was rendered was for work done in the construction of the railway. The portion of the answer demurred to alleges that the judgment is null and void, for the reason that the original notice, which was served on Wolf in the action, did not inform him that a personal judgment was demanded against him, but advised him only that a mechanic's lien was sought to be foreclosed against the property of the other defendant in the suit, and that he made no appearance or defense to the demand, being led by notice to believe that no personal judgment would be claimed against him; also that he was not indebted or liable to the plaintiff in the action in any amount, and that he had no knowledge or information that a money judgment had been rendered against him until this action was commenced, which was in 1886. The petition in the action in which the judgment was rendered is set out in the answer as an exhibit. It was alleged therein that the plaintiff in the action had performed certain work in the construction of said road-bed under a contract with Wolf, who was the principal contractor; and it prayed for judgment against him for the amount alleged to be due therefor, and for the foreclosure of a mechanic's lien on the property.

Two questions arise in the case: (1) Whether the judgment is void for want of jurisdiction in the court rendering it; and (2) whether the action of the plaintiff in taking a money judgment against Wolf upon an original notice, which notified him only that a foreclosure of the mechanic's lien was demanded, was a fraud upon him which will avoid the judgment.

I. The Revision of 1860 was in force when the notice was served and the judgment rendered. Section 2812 provided that the notice must inform the defendant of the name of the plaintiff, and the date when the petition would be filed, and the nature of the claim made against him, and the amount claimed, when the action was for money. It also

provided that, if the defendant failed to appear, judgment should not be rendered against him for a larger amount than the sum claimed in the notice. Substantially the same pro-vision as to the matters which shall be stated in the notice are now contained in section 2599 of the Code. It is quite apparent that these provisions were not all complied with in the case in question. As the notice did not inform the defend-ant that a money judgment was demanded, the court should not have entered such a judgment against him. The judg-ment, however, was simply erroneous, not void. The notice gave the court jurisdiction of the defendant. It also had jurisdiction of the subject-matter of the action; and, having jurisdiction of the parties and the subject-matter, the remedy against errors committed by the court in the course of the proceeding was either by a proper proceeding in that court for their correction, or by appeal. The uniform holding of this court has been to that effect. *York v. Boardman*, 40 Iowa, 57; *Woodbury v. Maguire*, 42 Id., 339; *Dough-erty v. McManus*, 36 Id., 657; *Shea v. Quintin*, 30 Id., 58; *Ballinger v. Tarbell*, 16 Id., 491.

II. Neither is the judgment void on the other ground urged. If the defendant was misled by the notice, it was because he chose to be so misled. He was informed by it that the petition would be on file at a named date. The office of that pleading is to state the very claim made by the plaintiff. If defendant had examined it, he would have seen at once the character and amount of the demand, and would have had full opportunity to make his defense. Nothing was concealed from him. Although the notice did not inform him that plaintiff was suing on a money demand, it did inform him that at a specified time a petition would be filed in which his claim would be fully stated. With this infor-mation imparted to him, the defendant could not have been misled or deceived by the notice. The essential elements of fraud are absent from the case.

We think, therefore, that the demurrer was properly sus-tained.                                                    AFFIRMED.