[S. F. No. 528.    Department One.—April 7, 1897.]

# HIBERNIA SAVINGS AND LOAN SOCIETY, RESPONDENT, *v.* MARY ELIZABETH MATTHAI, APPELLANT.

SUMMONS—PROOF OF SERVICE—LOSS OF ORIGINALS—SUBSTITUTION OF COPIES.—Where the original summons, with the proof of service thereof, has been lost from the files of the superior court, an order of the court, upon proof of the loss, authorizing copies to be filed and used in place of the originals, is a determination by that tribunal that they were correct copies of the originals, and the papers thus substituted are entitled to the same weight as originals.

ID.—JURISDICTION—SERVICE OF SUMMONS—FORMAL DEFAULT—RECORD PROOF OF SERVICE—AMENDMENT OF RECORD AFTER JUDGMENT—APPEAL—SUPPORT OF JUDGMENT.—The court acquires jurisdiction of the

person of the defendant by the service of the summons, and upon the failure of the defendant to appear in the action within the time allowed therefor, it has jurisdiction to enter a judgment by default, and it is not necessary to such jurisdiction that any formal default should have been previously entered by the clerk, nor that the summons, with proof of service, should be then on file with the clerk, nor is the jurisdiction lost by neglecting to make the proof of such service a matter of record before the entry of judgment; and where the court, after the judgment, amends the record by supplying the proof of service, it is as effective to support the judgment upon appeal therefrom, as if it had been filed before its entry.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. D. J. MURPHY, Judge.

The facts are stated in the opinion of the court.

*W. H. Fowler*, for Appellant.

*Tobin & Tobin*, for Respondent.

HARRISON, J.—The appeal herein is from a judgment of foreclosure entered upon the default of the appellant. It is recited in the judgment that the defendants in the action were severally, personally, and duly served with the summons, together with a copy of the complaint, that the default of the appellant for not answering was duly entered, and that the cause came on regularly for trial by the court upon the complaint taken as confessed by her. The judgment-roll which is set out in the transcript as originally filed herein, did not contain a copy of the summons with proof of service upon the appellant, and it was contended by her in the briefs filed on her behalf that by reason of the failure of the record to show that the court had acquired jurisdiction over her the judgment must be reversed. At the time the appeal herein was taken the original summons with the proof of service thereof upon the appellant had been lost from the files of the superior court, but afterward that court, upon proof of the loss, authorized copies to be filed and used in place of the originals. Since the briefs herein were filed the respondent, upon

a suggestion of the diminution of the record, has filed herein a properly certified copy of the summons, with proof of service indorsed thereon, substituted as aforesaid, from which it appears that the appellant was personally served with the original summons issued herein and a copy of the complaint, in the city and county of San Francisco, by the sheriff thereof, on the 28th of December, 1894. The points urged in support of the appeal have therefore been obviated, and it sufficiently appears from the record, as thus corrected, that the judgment against the appellant was properly entered.

The order of the superior court authorizing the copies to be filed was a determination by that tribunal that they were correct copies of the originals, and the papers thus substituted are entitled to the same weight as would be the originals. (*Knowlton* v. *Mackenzie*, 110 Cal. 183.) Upon the service of the summons, and the failure of the defendant to appear in the action within the time allowed therefor, the court acquired jurisdiction by reason of her default to enter a judgment against her, and it was not necessary that a formal default should have been previously entered by the clerk. (*Drake* v. *Duvenick*, 45 Cal. 455.) The court had jurisdiction to enter the judgment even though at the time the summons with proof of service had not been filed with the clerk. (*Herman* v. *Santee*, 103 Cal. 519; 42 Am. St. Rep. 145.) (The ruling to the contrary in *Reinhart* v. *Lugo*, 86 Cal. 395, was overruled in this case.) The court acquired jurisdiction of the appellant by the service of its process, and did not lose it by neglecting to make the proof of such service a matter of record (*Sichler* v. *Look*, 93 Cal. 600); and a subsequent amendment of the record by supplying this proof of service is as effective to support the judgment as if it had been filed before its entry. (Freeman on Judgments, sec. 89 b; *Allison* v. *Thomas*, 72 Cal. 562; *Perri* v. *Beaumont*, 88 Cal. 108; *Herman* v. *Santee, supra.*)

The judgment is affirmed.

Van Fleet, J., and Beatty, C. J., concurred.