No. 3135.  Decided December 31, 1898.]

CLARENCE CUNNINGHAM, *Appellant,* v. SPOKANE HY-
DRAULIC MINING COMPANY, *Respondent.*

FOREIGN JUDGMENTS—AMENDMENT OF RECORD—EVIDENCE.

In an action on a foreign judgment, the judgment roll is
admissible in evidence, although it appears therefrom that sub-
sequent to the entry of judgment the return was amended so as
to show that defendant had been duly served, but without per-
sonal notice to the defendant of the proposed amendment, where
the judgment was by default and the statute of the state in
which judgment was had did not require personal notice in such
cases.

Appeal from Superior Court, Spokane County.—Hon.
LEANDER H. PRATHER, Judge.  Reversed.

*W. B. Heyburn, E. M. Heyburn,* and *L. A. Doherty,* for
appellant.

*Stephens & Bunn,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This was an action by the appellant
against the respondent on a judgment obtained in the state
of Idaho.  The respondent moves to dismiss this appeal for
the following reasons:  (1) Because no bill of exceptions
or statement of facts has been settled or certified as pro-
vided by law, or at all; (2) because the alleged notice of
application to settle bill of exceptions or statement of facts
is wholly insufficient; (3) because the certificate of the
trial judge is wholly insufficient, and not such a certificate
as is required by law, or any certificate whatever.  There
seems to be no merit in the first two objections, and the
third is not tenable under the law of 1893.  Motion denied.

The case was before this court formerly, and is reported
in 18 Wash. 524 (52 Pac. 235), where a statement of the

case at length is given. In that case judgment was rendered in favor of the plaintiff, who is appellant here, but error was alleged in admitting the record of the foreign judgment, which did not show service of process on the agent of the corporation or an appearance by the defendant against whom suit was brought. The judgment was reversed by this court, and, among other things, it was said:

"Respondent tendered in evidence on the trial in the superior court what purported to be a copy of the designation of Jesse Coulter, as agent for the defendant corporation under the above statute certified as of record in the district court, where the purported judgment was rendered, but not a part of the proceedings in the cause. The designation of agent so certified was received by the superior court over the objection of defendant. We do not think this certificate was a part of the record of the judgment, or of the record of the court in which the judgment was rendered. The judgment roll itself must affirmatively show jurisdiction in this class of cases."

Subsequent to the reversal of that judgment an amendment to the return to correspond with the facts was allowed by the district court in Idaho showing that the person served was the agent of the defendant. That proof was offered in the last trial of the cause in the superior court of this state, but it was held that it was not competent, because the record did not affirmatively show that the court had jurisdiction to amend the return; in other words, that it was not shown that personal service of the notice to amend the return was made. It is conceded that notice was given to the company in the state of Washington, so that they had notice in fact. Under the statutes of Idaho it is not necessary to give personal notice of a motion of this kind in a case where the defendants have not appeared, but where judgment has been taken by default. But it is objected by the respondent, and is a general rule, no doubt, that, before a statute of a foreign state can be invoked, it must

be pleaded; but in this case, it seems to us, this objection is without merit, for there was no opportunity to plead the statute after the necessity existed for amending the return. No pleadings are required in a motion of this kind. There was no way by which the statute could have been pleaded. The return in this instance shows that the party served was the agent of the company, and that was the fact which this court held that it was necessary to show. It then, in effect, became the law in this case, as announced by this court, that that fact must be shown by the return. It is elementary that a return can be made by an officer to conform to the facts. That was all that was done here. It cannot be said that the judgment of the Idaho court was void for want of jurisdiction, and that no judgment in this state could be based upon it, because of the fact that the return showing the jurisdiction was not made until after the judgment was entered. The jurisdictional fact existed that the proper party had been served, and the announcement of that fact was not the essential thing in question. As was said by the supreme court of California in *Herman v. Santee,* 103 Cal. 519 (37 Pac. 509, 42 Am. St. Rep. 145),—where a summons had been properly served, but the proof of service was defective, and the court, after judgment, allowed an amended affidavit of service to be filed *nunc pro tunc* as of the date of the judgment,—quoting *Pico v. Sunol,* 6 Cal. 295: "Jurisdiction of the person of defendant is acquired by the service of process, and dates from such service, and not from the return." And *Drake v. Duvenick,* 45 Cal. 463, where it was said: "The fact of service was material, and from the time service was made the court was deemed to have acquired jurisdiction. The return of service might be formal or informal, perfect or imperfect, still, if service were in fact made, the court acquired jurisdiction of the person of the defendant." And *Estate of Newman,* 75 Cal. 220 (16 Pac. 889, 7 Am.

St. Rep. 146), where it was said: "It is the fact of service which gives the court jurisdiction, not the proof of service." Also, Freeman, Judgments (4th ed.), § 89 b, where that author says:

" If the return upon the summons or other writ designed to give the court jurisdiction over the person of the defendant is omitted, or incorrectly made, but the facts really existed which were required to give the court jurisdiction, the weight of authority at the present time permits the officer to correct or supply his return until it states the truth, though by such correction a judgment apparently void is made valid."

And the note commenting upon *Reinhart v. Lugo,* 21 Am. St. Rep. 52 (86 Cal. 395, 24 Pac. 1089), where it is said:

" To support judgments entered upon insufficient proof of service of process, or without the proof of such service appearing in the record, courts have uniformly permitted such proof to be amended or supplied, not for the purpose of authorizing them to enter new judgments based upon such proof, but to show that judgments previously entered were not entered without jurisdiction, and are not, and never were, void."

The last cited case *(Reinhart v. Lugo),* which holds to the contrary, is cited by the court in *Herman v. Santee,* but in commenting upon it the court holds that it is not in accordance with the weight of authority. In this case the court certified that it appeared to it that due notice of plaintiff's motion to amend had been given. We think it would be carrying the rule too far to reject the record in this case as presented by the appellant. The judgment will be reversed, and the cause remanded, with instructions to the lower court to overrule the objections to the admission of the testimony offered.

SCOTT, C. J., and GORDON, REAVIS and ANDERS, JJ., concur.