## VON ARX v. BOONE.

(Circuit Court of Appeals, Ninth Circuit: February 5, 1912.)

No. 2,017.

1. EJECTMENT (§§ 9, 17*)—RIGHT OF ACTION—TITLE OR POSSESSION.

In ejectment, plaintiff can only recover on proof of title or right of possession in him.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 16–29, 30–41; Dec. Dig. §§ 9, 17.*]

2. PROCESS (§ 103*)—SERVICE—PUBLICATION—CONSTRUCTION.

A published summons required defendant to appear within 30 days after the completion of the period of publication. It was dated April 25, 1908, and below the signature of the attorney for plaintiff contained the words: "First pub May 2, 1908 Last pub June 13, 1908." *Held*, that since, on collateral attack on a judgment based on a published summons, all the words contained therein without reference to their location should be considered in determining whether defendant was sufficiently advised of the things required by the statute, the date specified for defendant's appearance, considered with the date of the last publication, sufficiently notified defendant of the time when he was required to appear.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 129, 131; Dec. Dig. § 103.*]

3. PROCESS (§ 103*)—SERVICE—PUBLICATION—CONTENTS.

Where a published summons contained a statement of the date of the first and last publication after the signature of plaintiff's attorney, it would be presumed that such dates were published by authority.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 129, 131; Dec. Dig. § 103.*]

4. PROCESS (§ 153*)—SERVICE—PUBLICATION—FORMAL DEFECTS.

Where a published notice contains all that the statute requires, mere formal defects not calculated to mislead will not prevent the attaching of jurisdiction.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 207, 208; Dec. Dig. § 153.*]

5. PROCESS (§ 150*)—SERVICE—PUBLICATION—MAILING NOTICE—PROOF.

Where an order for the publication of a summons in foreclosure proceedings required the deposit of copies of the summons and complaint in the mail addressed to one of the defendants at his known post office address without the jurisdiction forthwith, and such requirement was properly complied with, failure to file proof of the mailing of the notice did not affect the court's jurisdiction, but could be supplied after judgment.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 163; Dec. Dig. § 150.*]

6. MORTGAGES (§ 527*)—FORECLOSURE—SALE—EFFECT.

Where a mortgage foreclosure decree directed a sale of the real estate to satisfy liens, and expressly barred and foreclosed E. and S. and all persons claiming under them of any right, title, or interest in the property, and by the sale the interest of S. was sold to M., and a certificate of purchase issued to him by the marshal, such certificate was sufficient in ejectment to show that S. had been divested of all interest in the property, and hence if thereafter the marshal's deed was improperly made to E., instead of M., it was immaterial as to the interest of S.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 527.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the District Court of the United States for Division No. 1 of the District of Alaska.

Ejectment by Victor Von Arx against A. J. Boone. Judgment for defendant, and plaintiff brings error. Affirmed.

The parties hereto will be designated as they were in the court below—plaintiff and defendant. The plaintiff brought ejectment against the defendant to recover the possession of a parcel of land on which was situate a building, the plaintiff claiming to own the same as against all except the United States, and alleging his title to have been derived from one Edward Erlich. The defendant answered, claiming to be the owner of the property as against all except the United States, and alleging that on March 5, 1910, Edward Erlich became the owner of the property by virtue of two deeds of conveyance from the United States marshal for the district of Alaska, Division No. 1; that on March 9, 1910, said marshal levied upon Erlich's right in said property under writ of execution issued out of the District Court for the District of Alaska, Division No. 1, in cause No. 667A, in which J. M. Jenne was plaintiff, and Edward Erlich, Alec Smallwood, and L. A. Slane were defendants; that thereafter said property, with all the right, title, and interest of Erlich therein, was sold by said marshal at public sale to the defendant; that thereafter the marshal issued to the defendant a certificate of purchase of said property.

The plaintiff offered in evidence a deed of bargain sale and quitclaim from Erlich to Smallwood of February 13, 1905, in which the grantee assumed the payment of the notes and mortgages to Slane and Jenne hereinafter referred to, and certain other notes and mortgages, a deed from Smallwood, by his attorney in fact, to the plaintiff, of date July 18, 1910, and introduced evidence to show that in 1905 and prior thereto Erlich was in possession of the property and had improved the same. The defendant produced in evidence a decree of the said District Court in cause 667A referred to in the pleadings, foreclosing both a mortgage executed by Erlich to Jenne of date November 2, 1902, for $1,000, and also a mortgage executed by Erlich to Slane of July 2d for $4,000, and directing a sale of the property to pay a judgment in favor of Jenne for $1,103.02, and a judgment in favor of Slane for $623.83; second, a deed from the marshal to Erlich of date March 5, 1910, reciting that on the judgment rendered in cause 667A the marshal levied upon and sold the land on February 1, 1909, to one Meyers for $175, and that within the time allowed by law to redeem Erlich redeemed said property by paying the purchase price and costs, and that, in consequence of such redemption, the marshal conveyed to Erlich all the right, title, and interest in the said property which the defendants Erlich and Smallwood in cause No. 667A had upon the day of the sale. The defendant also produced in evidence a writ of execution issued in cause No. 667A dated March 8, 1910, reciting a judgment in favor of Jenne and against Edward Erlich for the sum of $1,003, a credit thereon of $166.25, and directing that the remainder of the judgment be paid out of the property of said Edward Erlich, also a return upon said execution, showing that on May 2, 1910, the property was purchased by the defendant in this action for the sum of $825, which sale was confirmed by the court, also a certificate of purchase by the marshal to the defendant herein. Upon the evidence, under the instruction of the court, the jury returned a verdict for the defendant, and judgment was thereon rendered.

J. H. Cobb, for plaintiff in error.

Z. R. Cheney, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). Error is assigned to the ruling of the court below that the proceedings in cause 667A were valid as against Smallwood, and that the decree there-

in and proceedings thereunder divested Smallwood of title to the property in controversy.

[1] As the plaintiff could recover in ejectment only upon proof of title or right of possession in him, it was incumbent upon him to show not only that he received a conveyance from Smallwood, but that at the date of such conveyance Smallwood's interest in the property had not been divested by the decree of foreclosure rendered against him on December 8, 1908, and the proceedings following thereupon.

[2]. It is contended that the decree was rendered without jurisdiction of the defendant Smallwood, in that first, the published summons was fatally defective; and, second, there was no proof before the court of the mailing of a copy of the summons and the complaint to said defendant. It is said that the published summons did not comply with the statute, in that it did not state the time when the defendant was required to appear. The judgment roll in the foreclosure suit shows that Smallwood was a nonresident of Alaska, and that upon an affidavit stating that fact and naming the place of his residence substituted service was directed to be made upon him. The order of publication was dated April 23, 1908, and it directed that the summons be published in a designated weekly newspaper once each week for a period of six weeks, and that the plaintiff's attorneys mail a copy of the summons and complaint to Smallwood at his place of residence in British Columbia "forthwith." The publisher of the paper made affidavit on July 1, 1908, that the summons had been published weekly for seven consecutive weeks,· the first publication being on May 2d, and the last on June 13th. There was no other proof of service, and there was no proof before the court on December 8, 1908, when the decree of foreclosure was entered that a copy of the summons and complaint had been mailed to the defendant Smallwood. It is claimed that the summons so published was void for failure to state the time within which the defendant was required to answer the complaint. The summons as published required the defendant Smallwood to appear "within 30 days after the completion of the period of publication of this summons," and it was dated April 25, 1908. Below the signature of the attorney for the plaintiff it contained these words: "First pub May 2, 1908  Last pub June 13, 1908." Where a collateral attack is made upon a judgment, as in the present case, it should be held that all the words of the published summons, no matter where their location, should be taken into consideration in deciding whether the defendant was sufficiently advised of the things made essential by the statute, and we hold that the words in the published summons appearing below the signature of the attorney should be taken as part thereof. When so taken, there can be no question that the defendant was advised thereby of the date of the last publication of the summons, and, knowing that date, he knew, of course, from the express words of the summons the date at which he was required to appear and answer. It is argued that, as the words showing the date of the first and the last publication follow the signature of the attorney for the plaintiff, there is nothing to show that they were authorized by the plaintiff, and that for aught that appears to the contrary they may

have been placed there by the printer. But we do not consider the position of those words important.

[3] They were there as a part of the published notice. It must be presumed that they were there by authority. The defendant could not have read the summons without seeing them. Williams v. Pittock, 35 Wash. 271, 77 Pac. 385; Shinn v. Cummins, 65 Cal. 97, 3 Pac. 133.

[4] It is well established that, where the published notice contains all that the statute requires that it shall contain, mere formal defects not calculated to mislead will not prevent the attaching of jurisdiction. Lane v. Innes, 43 Minn. 137, 45 N. W. 4; Blair v. Wolf, 72 Iowa, 246, 33 N. W. 669; Clark et al. v. Marfield, 77 Ill. 258; Hibernia Sav. & L. Soc. v. Matthai, 116 Cal. 424, 48 Pac. 370; Cunningham v. Spokane Hydr. Min. Co., 20 Wash. 450, 55 Pac. 756, 72 Am. St. Rep. 113; National Ins. Co. v. Chamber of Commerce, 69 Ill. 22; Frisk et al. v. Reigelman, 75 Wis. 499, 508, 43 N. W. 1117, 44 N. W. 766, 17 Am. St. Rep. 198; Moore v. Horn & Bouldin, 5 Ala. 234.

[5] The contention that the decree of foreclosure is void for want of jurisdiction as to the defendant Smallwood for failure of proof that copies of the complaint and summons were mailed to him as ordered by the court cannot be sustained. The record shows that on April 28, 1910, the affidavit of the attorney for the plaintiff in that cause was filed, in which he made oath to the fact that on April 25, 1908, he deposited in the post office at Juneau copies of those papers addressed to Smallwood at the place in British Columbia where the affidavit for publication of summons stated his residence to be. This proof was furnished and filed a year and four months after the date of the decree, but nearly three months before the plaintiff herein obtained his deed from Smallwood. There can be no doubt of the court's authority to direct the filing of such proof of service after the decree and after the foreclosure sale made thereunder. When service has in fact been made, so as to give a court jurisdiction, but the proof thereof is defective, or altogether lacking, the defect may be remedied or the proof supplied after judgment. It is the service, and not the proof thereof, that gives the court jurisdiction. This proposition is not only sustained by the courts of Oregon, from which state the statutes of Alaska governing the procedure here in question were adopted (Rickards v. Ladd, 6 Sawy. 40, Fed. Cas. No. 11,804; Weaver v. Southern Oregon Co., 30 Or. 348, 48 Pac. 171; Ranch v. Werley [C. C.] 152 Fed. 509), but it seems to be generally recognized by the courts of other states (Hibernia Savings & Loan Soc. v. Matthai, 116 Cal. 424, 48 Pac. 370; Cunningham v. Spokane Hydr. Min. Co., 20 Wash. 450, 55 Pac. 756, 72 Am. St. Rep. 113; National Ins. Co. v. Chamber of Commerce, 69 Ill. 22; Frisk et al. v. Reigelman, 75 Wis. 499, 508, 43 N. W. 1117, 44 N. W. 766, 17 Am. St. Rep. 198; Moore v. Horn & Bouldin, 5 Ala. 234; Fawcett v. Vary et al., 59 N. Y. 597; Burr v. Seymour, 43 Minn. 401, 45 N. W. 715, 19 Am. St. Rep. 245; Seeley v. Taylor, 17 Colo. 70, 28 Pac. 461, 723).

[6] It is argued that, even conceding the decree of foreclosure to be valid, the proceedings had thereunder did not divest the title of

Smallwood, and it is asserted that, the execution having been directed solely against Erlich, the sale thereunder in no manner affected Smallwood's interest. There is no basis for this contention in the record. The decree directed the sale of the real estate to satisfy the liens, and expressly barred and foreclosed Erlich and Smallwood and all persons claiming under them of any right, title, or interest in the property. There was no separate execution thereunder against Erlich until more than a year after the foreclosure sale. The marshal proceeded under the "order of sale and execution" as provided in the decree. We are not called upon to decide whether Erlich had the right to redeem the property after the sale to Meyers, or what may have been the effect of the redemption. By the foreclosure sale Smallwood's interest was sold to Meyers, and, if there was no valid redemption, the certificate of purchase which Meyers received from the marshal was sufficient evidence in the action of ejectment to show that Smallwood had been divested of his interest (Snavely v. Wagner, 3 Pa. 275, 45 Am. Dec. 640; Lee v. Bishop, 89 N. C. 256), and, if thereafter the marshal's deed was improperly made to Erlich, instead of to Meyers, it is immaterial here.

The judgment is affirmed.