FEDERAL LAND BANK OF BERKELEY v.
BRINTON et al.

No. 6620. Decided February 24, 1944. (146 P. 2d 200.)

See 30 C. J. Husband and Wife, sec. 806. 42 Am. Jur. 104.

*J. D. Skeen* and *E. J. Skeen,* both of Salt Lake City, for appellant.

*Jensen & Jensen,* of Ephraim, and *Richard W. Young,* of Berkeley, for respondent.

MOFFAT, Justice.

On the 22nd day of June, 1937, the Federal Land Bank of Berkeley filed a complaint in two causes of action against the above named defendant and appellant, and others, for the foreclosure of two mortgages. Summons was served on each of the defendants Wollerton H. Brinton and Jane H. Brinton, his wife, with copies of the complaint attached to the summons as shown by the sheriff's return of service. The other defendants were served, but as this appeal is taken only by Jane H. Brinton, reference to the other defendants becomes an incidental matter.

On the 19th day of June, 1939, plaintiff, hereinafter referred to as the Bank, filed a pleading entitled a Supplemental Complaint. It alleges that the original complaint was filed as hereinabove stated. It is then alleged therein that Wollerton H. Brinton had filed in the District Court of the United States for the District of Utah his petition praying for relief afforded by Sec. 75, sub. s of the National Bankruptcy Act, 11 U. S. C. A. § 203, sub. s; that the bankruptcy proceeding has been terminated and the Bank was authorized to proceed with the pending foreclosure action.

The supplemental complaint sought under the foreclosure of the mortgages additional amounts said to have been paid out, and which the Bank alleged it was entitled to recover under the terms of the mortgages. It prayed for judgment for all the relief demanded in the original complaint and as amended and supplemented by the facts alleged in the

supplemental complaint, and for general relief. Following the verification of this supplemental pleading, written in longhand there appears:

"June 19—1939

"Received from Jensen & Jensen two copies of the Supplemental Complaint this 19th day of June, 1939,—For Self and Jane H. Brinton and Atty. L. R. Christensen.

"(Sgd) W. H. Brinton
"Wollerton Brinton."

This is not sufficient service upon Jane H. Brinton, nor upon her attorney, neither of whom was in court. A subsequent mail service will be discussed.

The defendants Wollerton H. and Jane H. Brinton had filed a demurrer to plaintiff's complaint on May 22, 1939. This demurrer, according to the written order of the court, came on for hearing on the 19th day of June, 1939. It was overruled and defendants were given twenty days from that date to plead to the complaint. The record does not disclose that notice of the overruling of the demurrer was ever given. Appellant does not present the question on appeal. The appeal is limited to the alleged failure of plaintiff to serve notice of the filing of the supplemental complaint, and is based upon the refusal of the trial court to set aside the judgment against Jane H. Brinton. The motion was made upon the ground that said defendant was not served with a copy of the supplemental complaint, upon which the default judgment was entered, as required by Sec. 104-13-14, U. C. A. 1943.

The signed order of the court allowing the twenty days "to plead to plaintiff's complaint" recites "and said defendant Wollerton Brinton being present in court informed the court that he would inform his counsel, L. R. Christensen of the action of the court," but contains no reference to a service upon the appellant Jane H. Brinton.

The default entered by the clerk of the courts states:

"In this action the defendants, Wollerton Brinton and Jane H. Brinton, his wife, having been regularly served with process and copies

of the complaint, and having appeared and demurred to plaintiff's complaint which demurrer was on the 19th day of June, 1939, denied and overruled, and on which day the plaintiff by permission of the court filed a supplemental complaint which was served upon said Wollerton Brinton on said June 19, 1939, in open court *and on his wife and their counsel as provided by law*. [When entered, these italicized words were not supported by the record] and said defendants were given twenty days from said June 19, 1939, in which to further plead to plaintiff's complaint as amended by the supplemental complaint and having failed to plead to said complaint *as required by the order of the court* and the time for said defendants to plead thereto having expired, now on request of plaintiff the default of said defendants are entered in the premises according to law. * * * (Sgd) A. L. Hansen, Clerk by Audrey B. Lund, Deputy." (Italics added.)

The Bank does not claim that Jane H. Brinton had received a copy of the pleading delivered to Wollerton H. Brinton at the time the judgment by default was entered. What is claimed is a service by mail upon Jane H. Brinton's attorney. Counsel for the Bank present a delayed proof of service claiming that, on the same day the supplemental complaint was filed, there were mailed two copies of that pleading to L. R. Christensen at Mt. Pleasant. This affidavit of mailing was not on file when the default judgment was entered. The affidavit was not made until March 8, 1943, and on that date it was filed with the clerk of the court, more than three and one-half years after the alleged service, and after the default and judgment had been entered.

Sec. 104-13-14, U. C. A. 1943, above referred to, has been carried forward in our statutes since 1917 or earlier, and provides:

"All pleadings subsequent to the complaint must be filed with the clerk and copies thereof served upon the adverse party or his attorney."

Sec. 104-43-3, U. C. A. 1943, provides:

"Service by mail may be made when the person making the service and the person on whom it is to be made reside, or have their offices, in different places between which there is a regular cummunication by mail."

A. W. Jensen's affidavit shows a service by mail. The affidavit is not denied. Appellant argues there was no opportunity to counter or meet the allegations of the alleged mail service. If it was a matter of time, death of counsel or other intervening cause that prevented counsel from meeting the affidavit, some request and showing could have been made to the court. This was not done. This court is confronted with the undisputed record of a service alleged to have been made by mail in due time, but with an unusual and unexplained delay of proof of service. Such practice cannot be condoned nor approved. We find no statute specifying that a notice is required to be given, other than the service of the amended pleading.

Whatever presumptions might be indulged, the record failed to show any basis upon which to enter a judgment against the appellant at the time it was entered. The making of an affidavit of service by mail three and one-half years after the entry of a default or the service of an amended pleading required to be served, does not stamp the procedure as regular and may open the way for disastrous irregularities.

The fact that service had been made, by the weight of authority, may be proved or a defective proof of service may be amended after judgment. It is held that it is the fact of service that gives jurisdiction, not the proof of it. We have some qualms about this when the time has been permitted to extend over so long a period. We are, however, bound by the record.

The statute requires a complaint as amended to be filed "and a copy of the amendments, or the complaint as amended, must be served upon the defendants affected thereby, or upon their attorneys if they have appeared by attorney." Sec. 104-8-3, U. C. A. 1943. The same section says, "The defendant *must answer * * * within ten days after service.*" No notice as to time or otherwise, as the statute now reads, seems to be provided for, nor does there appear a requirement for the filing of any proof of service. In the instant case the court's order allowed twenty days to answer.

Nothing is said about service or notice. The word "served" is an oft repeated word in the statutes. Secs. 104-8-3, 104-13-14, and 104-43-7, U. C. A. 1943. The chapter on "Notices, and Filing and Service of Papers" provides, "Notices must be in writing, and notices and other papers may be *served* upon the party or attorney in the manner [provided] in this chapter, when not otherwise provided." Sec. 104-43-1, U. C. A. 1943. The manner of making service is provided. Sec. 104-43-2.

It is also provided (Sec. 104-43-8) that the provisions of the chapter relating to notices and service thereof "do not apply to the *service* of a summons or other process, or of any paper to bring a party into contempt." Assuming there was *service* of the supplemental or amended complaint, as shown by the uncontradicted affidavit of counsel for plaintiff, such procedure seems to satisfy the statute. Whether a notice should accompany the service of the amended pleading and prompt return or proof of service should be made, we need not discuss. Good practice would always commend adequate service and prompt filing of return, notwithstnding the abundant authority to the effect that failure or omission to make a return or proof of service is not such an irregularity as to invalidate a judgment, service having been made. A number of authorities are cited on the question in the case of *Bourgeious* v. *Santa Fe Trail Stages, Inc.*, 43 N. M. 453, 95 P. 2d 204.

Judgment affirmed. Costs to respondent.

WOLFE, Chief Justice.

I concur in the order affirming the judgment. I note that not only the default entered by the clerk but the decree of foreclosure signed by the court and filed on August 3, 1939, recites that the supplemental complaint was served on Jane Brinton. This recital would be considered as true in the absence of affirmative showing on the record to the contrary or until the judgment had been directly attacked. Perhaps therefore, the attorneys for the plaintiff might have

plausibly considered that if the judgment recited what they knew to be a fact even though proof of service had not been filed it would be sufficient. They may well have thought that the recitals in the judgment were sufficient to import verity as to a service they knew in fact to have been made and therefore felt no necessity, since they knew the certificate of default and decree would recite that fact, to have filed the affidavit. It is true that the clerk and the court before issuing respectively the certificate of default and decree containing the recitation of service should have called for adequate proof that Jane Brinton had been served with the supplemental complaint. And it is true also that, as stated in the opinion of Mr. Justice Moffat, it is not good practice at any time to withhold proof.

I concur in the order affirming the judgment for the reasons given in the authorities cited in the opinion of Mr. Justice WADE.

LARSON, Justice.

I concur in affirming the judgment. I reach the conclusion that the judgment should stand, not upon the grounds mentioned by any of my associates, but upon the ground that appellant has neither alleged nor shown any interest in the subject matter of the controversy. Since, however, my associates have agreed upon a point on which they rest the judgment of the court, I deem it unnecessary to develop the thesis from which I arrive at the same result.

WADE, Justice (concurring).

I concur on the grounds that the affidavit of Jensen of mailing a copy of the supplemental complaint to Mrs. Brinton's attorney being uncontroverted, must be taken as true, and the fact that she was actually served was thereby established. It is the service thereof and not the proof which gives the court jurisdiction; and where service has actually been made and judgment entered without proof thereof, or the proof thereof is insufficient, such proof may

be supplied at any time and the judgment will thereupon be sustained. The following cases so hold. *Wade* v. *Wade*, 92 Ore. 642, 176 P. 192, 178 P. 799, 182 P. 136, 7 A. L. R. 1149; *Bourgeious* v. *Santa Fe Trail Stages*, 43 N. M. 453, 95 P. 2d 204; *Cunningham* v. *Spokane Hydraulic Mining Co.*, 20 Wash. 450, 55 P. 756, 72 Am. St. Rep. 113; *Call* v. *Rocky Mountain Bell Telephone Co.*, 16 Idaho 551, 102 P. 146, 133 Am. St. Rep. 135. In *Reinhart* v. *Lugo*, 86 Cal. 395, 24 P. 1089, there is dicta to the contrary, but this has been severely criticised in a note thereto in 21 Am. St. Rep. 52, and has been twice expressly repudiated. *Hibernia Savings & Loan Society* v. *Matthai*, 116 Cal. 424, 48 P. 370; *Herman* v. *Santee*, 103 Cal. 519, 37 P. 509, 42 Am. St. Rep. 145; 1 Freeman on Julgments (5th Ed.) 370, Sec. 193 (4th Ed. Sec. 89b), 42 Am. Jur. 104.

McDONOUGH, Justice.

I concur in the views expressed in the concurring opinion of Mr. Justice WADE.