## ANNA SCHMIDT

### V.

## MICHAEL BAUER ET AL.

*Practice—Judgment by Confession—Entry of, in Term Time—In Vacation—Warrant of Attorney—Writ of Error—Bill of Exceptions.*

Schmidt v. Bauer.

1. When a judgment by confession is entered in vacation before the clerk, the warrant of attorney becomes a part of the record by being filed, and no bill of exceptions is necessary.

2. When the judgm·nt is entered in term time, it becomes a part of the record only by being made so by such bill.

3. When the absence of a bill of exceptions precludes this court from knowing what evidence was introduced in a given case, it will presume that it warranted the judgment which is shown by the record to be valid on its face.

[Opinion filed May 8, 1889.]

In error to the Superior Court of Cook County; the Hon. Joseph E. Gary, Judge, presiding.

Mr. N. M. Plotke, for plaintiff in error.

Mr. Francis Lackner, for defendants in error.

Moran, J. This writ of error brings up the record of a judgment entered in term by confession upon a warrant of attorney. It is contended that the warrant of attorney was joint, and did not authorize the confession of judgment against the plaintiff in error alone, and that the note introduced in evidence was not the same as the one declared on.

There is no bill of exceptions, and we have no means of knowing what evidence was introduced, but must presume that the evidence warranted the judgment which is shown by the record, and which is valid on its face. There is a copy of a note and warrant of attorney copied into the transcript but we can not regard it as in the case, because not made a part of the record by the bill of exceptions. When a judg-ment by confession is entered in vacation before the clerk, the warrant of attorney becomes a part of the record by being filed, and no bill of exceptions is necessary; but when the judgment is entered in term time, it will become a part of the record only by being made so by a bill of exceptions. Waterman v. Caton, 55 Ill. 94. There is nothing before us which affects the validity of the judgment, and the same will therefore be affirmed.                    *Judgment affirmed.*

Gary, J., takes no part in deciding this case in this court.