JACOB FRANK
v.
MARY A. THOMAS.

*Appeals—Bond—Giving of by One of Two Appellants—Lease—Confession of Judgment—Record—Jurisdiction.*

1. The fact that an appeal bond is given by only one of two joint appellants, though cause for dismissal of the appeal, will not prevent the court from considering the errors assigned where there is no motion to dismiss.

2. A provision in a lease to two lessees that "the party of the second part" authorizes any attorney to enter "their" appearance and confess judgment, gives authority to confess judgment against both lessees.

3. Where confession of judgment on a lease is entered in term time, the copy of the lease attached to the declaration becomes no part of the record.

[Opinion filed April 21, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Mr. JOHN C. KING, for appellant.

Messrs. CUTTING & AUSTIN, for appellee.

GARNETT, J. Judgment by confession having been rendered in the Circuit Court against Jacob Frank and Rebecca Grinsberg in favor of Mary A. Thomas, the defendants entered a motion to set aside the judgment. Upon denial of the motion defendants excepted and jointly prayed an appeal

to this court, which was granted by order of the Circuit
Court, but Frank alone gave an appeal bond.    The failure of
the other appellant to join in the bond would have been cause
for dismissal of the appeal (Hileman v. Beale, 115 Ill. 355),
but appellee having made no motion to dismiss, the points
made for vacating the judgment remain for brief considera-
tion.

The judgment was for rent due on a lease made by plaintiff
to the defendants.    The motion to vacate the judgment states
that by the terms of the lease any attorney of any court of rec-
ord was authorized by " the *party* of the second part," to enter
*their* appearance in such court and confess judgment.    Appel-
lant says the word *party* is singular and whether it applies to
Frank or Grinsberg does not appear.    The bill of exceptions
sets forth nothing but the motion to vacate the judgment.
No affidavit was submitted with the motion, nor evidence of
any kind given in support of the grounds assigned therein.
The judgment having been entered in term time, the copy of
the lease attached to the declaration is no part of the record.
Waterman v. Caton, 55 Ill. 94; Schmitt v. Baur, 33 Ill. App. 92.

The lease itself should have been presented to the court on
the hearing of the motion, or if it could not be obtained, its
contents should have been proved, and the bill of exceptions ·
should have set forth the evidence.    Otherwise it can not be
brought to the attention of this court.    But conceding that
the motion truly states the terms of the power, we think
there clearly was authority to confess judgment against both
defendants.

The motion also states that there had been another judg-
ment before a justice of the peace for " the same said supposed
default in the payment of rent; " whether the other alleged
judgment was before or after the confession now complained
of is not stated, but in any event, as already shown, there was
no evidence presented in the bill of exceptions to sustain any
of the facts charged in the motion, and so the action of the
Circuit Court is left unimpeached.

The order of the Circuit Court denying the motion to set
aside the judgment is affirmed.

*Judgment affirmed.*