## Scanlan v. Wheeler.

1. EXCEPTIONS—*How Preserved.*—Exceptions can only be preserved by the certificate of the judge to a bill of exceptions; and a cause will not be reversed for an erroneous ruling, unless an exception thereto has been taken in the court below.

2. APPEALS—*What is Brought Up.*—An appeal from an order overruling a motion to vacate a judgment does not bring up the question of the propriety of the judgment entered at a preceding term.

**Memorandum.**—Assumpsit. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed November 27, 1893.

The statement of facts is contained in the opinion of the court.

BURTON & MCLAUGHLIN, attorneys for appellant.

TENNEY, CHURCH & COFFEEN, attorneys for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was a suit upon a promissory note. The only plea was the general issue. By agreement of parties a jury was waived and the cause submitted to the court for trial. The court heard the evidence, found the issues for the plaintiff, and rendered judgment in his favor and against the defendant.

There was no objection to the evidence offered, and no exception was taken to the finding or any other ruling of the court; there was no motion for a new trial, and no preservation by bill of exceptions, of the evidence on which the court based its finding and judgment, or of any ruling by the court.

The order of judgment recites that " the defendant having entered his exceptions herein," but it nowhere appears what the exceptions applied to. A recital of that kind by the clerk does not preserve exceptions. Van Cott v. Sprague, 5 Ill. App. 99.

Exceptions can only be preserved by the certificate of the judge to a bill of exceptions; and a cause will not be re-

versed for even an erroneous ruling unless an exception thereto has been taken in the court below. The judgment was entered at the January term, 1893, of the court, and an appeal therefrom prayed and allowed, but at the February term next ensuing, the appeal was withdrawn and a motion made to vacate the judgment, first, on the ground of usury, and second, of alteration in or forgery of some of the terms of the note. In support of and opposed to that motion, affidavits were introduced and read, and oral testimony heard by the court, who, upon consideration of the same, overruled the motion, and an appeal was prayed and allowed.

Again, the only manner in which an exception to the ruling of the court was attempted to be preserved, was by a recital in the order overruling the motion of "the defendant, having entered his exceptions herein," which as we have already seen was not sufficient. The appeal from the order overruling the motion to vacate the judgment does not bring up the question of the propriety of the judgment entered at the preceding term. Nat. Ins. Co. v. Chamber of Commerce, 69 Ill. 22.

The only thing brought to this court by this appeal, is the propriety of the order overruling the motion to vacate the judgment. Although we have looked at the evidence presented to the court on that motion and think the equities of the case largely favor the conclusion arrived at by the court, we rest our decision upon the absence of any properly preserved exception to the ruling of the court on the motion, and affirm the same.