## Charles E. Boyles and William H. Roche, Copartners as Boyles & Co., v. Axel Chytraus.

1. EVIDENCE—*Original Documents—When not a Part of the Record.*— When a judgment is entered in term time, the original documents upon which it is entered are not a part of the record. They can only be made so by a bill of exceptions. . ·

2. JUDGMENT BY CONFESSION—*Exceptions.*—When a judgment is entered by confession, the defendant can only take exception by moving the court to vacate the judgment and preserve the evidence heard upon the motion by a proper bill of exceptions.

3. PRACTICE—*Error from a Judgment by Confession.*—A writ of error can not be prosecuted to reverse a judgment by confession, to open or vacate which, no motion has been made in the court below.

Judgment by Confession.—Error to the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 19, 1896.

EDWARD T. CAHILL, attorney for plaintiffs in error.

CHARLES S. DENEEN, attorney for defendant in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is a writ of error prosecuted· to reverse a judgment by confession, to open or vacate which judgment, no motion was made in the Circuit Court.

Some amicable consideration has been given by the parties and judge of the court below, to the question whether the plaintiffs in error could have a bill of exceptions to bring up the original documents upon which the judgment was entered.

The judgment being entered in term time, those docu-

ments are no part of the record.    Frank v. Thomas, 35 Ill. App. 547.

They can, therefore, only be shown to this court by a bill of exceptions; but without exceptions in fact taken, there can be no bill, and the defendants below could only take exception by moving there, to open or vacate the judgment.    Even if those documents were part of this record, the plaintiff in error could have no benefit of them on this writ.

From the judgment itself the writ can not be prosecuted. Werkmeister v. Beaumont, 46 Ill. App. 369.    The judgment is affirmed.