## William H. Fleet v. James H. Gilbert.

1. APPEAL—*When to be Taken.*—A judgment can not be appealed from after the term at which it was rendered has ended, and the approval of a bond reciting such an appeal is of no effect, for an appeal can only be taken in accordance with the statute.

2. JUDGMENT—*Refusal to Vacate not Error.*—It is not error to refuse to vacate a judgment of a preceding term, entered after full opportunity to defend, which was availed of to the extent desired.

**Motion,** to vacate judgment. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 30, 1896.

FERGUSON & GOODNOW, attorneys for appellant.

. JAMES A. PETERSON, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

In August, 1892, the appellant commenced, in the Superior Court, an action of replevin against the appellee.

January 13, 1896, the appellant gave notice to the appellee to take the deposition of the appellant, in New York, upon oral interrogatories.

At the time and place set, the appellee, by his attorney, attended, as did also the appellant personally, but declined to testify.

April 6, 1896, the court ordered, and entered judgment, that the appellee recover from the appellant one hundred and nineteen dollars and sixty cents, and have execution therefor. This was done under Sec. 29, Ch. 51, R. S., Evidence.

During the same term, the appellant moved to set aside that judgment, which motion was continued to the next term, and then denied. The appellant then appealed.

The appeal bond, filed June 20, 1896, recites an appeal from the order of April 6, 1896.

The judgment of the April term could not be appealed

from after that term had ended, and therefore that judgment is not before us for review. Quinn Chapel v. Pease, 66 Ill. App. 552; Kortlas v. Kentucky Liquor Co., 46 Ill. App. 366; Scanlan v. Wheeler, 51 Ill. App. 179.

The approval of a bond reciting such an appeal is of no effect, for an appeal can only be taken in accordance with the statute. The court can not change the terms. Gorski v. Featherstone, 55 Ill. App. 368.

Treating the action of the court at the May term as being before us for review, upon the ground that the appeal bond is amendable, and that therefore the recital might be made to conform to the appeal prayed and allowed at the May term, there was no error in refusing to vacate a judgment of the next preceding term, entered after full opportunity to the appellant to defend, of which he availed himself to the extent that he then cared to.

The order of the May term is affirmed.

With the judgment of the April term we have nothing to do.