## Lake Shore Sand Company v. Harry Goodman.

1. APPEALS—*From Orders Denying Motions—What is Brought Before the Court.*—An appeal from an order denying a motion to set aside a judgment does not bring the whole case before this court for review. It only brings up for review the order from which the appeal was prayed.

Appeal, from the Circuit Court of Cook County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Opinion filed October 27, 1899.

DAVID S. GEER, attorney for appellant.

NEWMAN, NORTHRUP & LEVINSON, attorneys for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This court has no jurisdiction to consider any alleged error at the trial or in the entering of judgment. Final judgment was entered June 25, 1898, and a motion then made to vacate the same. June 28, 1898, the court below entered the following order, viz.:

"This case coming on to be heard upon the defendant's motion heretofore entered herein, to vacate the judgment heretofore rendered herein, after argument of counsel and due deliberation by the court, said motion is overruled and denied. Thereupon the defendant having entered its exceptions herein, prays an appeal *from the above order* of this court to the Appellate Court in and for the First District of Illinois, which is allowed," upon filing bond.

No other appeal is allowed or prayed. Neither are there any affidavits filed, nor is there any testimony taken, nor are there any reasons assigned in support of the motion mentioned in said order. No exceptions are preserved by that order. In Scanlan v. Wheeler, 51 Ill. App. 179, the court says: "A recital of that kind by the clerk does not preserve exceptions." See also Van Cott v. Sprague, 5 Ill. App. 99.

An appeal from an order denying a motion to set aside a judgment does not bring the whole case before this court for review. Such an appeal only brings up for review the order from which the appeal was prayed. National Ins. Co. v. Chamber of Commerce, 69 Ill. 22, 27; Fleet v. Gilbert, 66 Ill. App. 678; Scanlan v. Wheeler, 51 Ill. App. 180.

This court is precluded, for want of jurisdiction, from considering, upon this appeal, any of the alleged errors presented by appellant. The judgment of the Circuit Court is therefore affirmed.