## Sam Best, Appellant, v. Nora M. Hayes, Surviving Owner and Successor in Title, Appellee.

### Gen. No. 33,147.

Opinion filed May 29, 1929.

ALEXANDER W. JAMIESON, for appellant.

SONNENSCHEIN, BERKSON, LAUTMANN & LEVINSON, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from an order of the municipal court denying a motion made by defendant to vacate a judgment entered by confession in favor of plaintiff and against defendant for the sum of $1,270 and costs.

The common-law record only is before us. There is no bill of exceptions found in the record. The point argued for reversal rests in the contention that the original judgment was void for the lack of an affidavit as to the execution of the warrant of attorney. The common-law record does not show the absence of such an affidavit.

The affidavit of claim sets forth *inter alia* that the lease in which the warrant to confess a judgment is contained was executed by the parties to it, and that their signatures thereto are their genuine signatures. The common-law record shows no irregularity and the *cognovit* under the warrant of attorney clause in the lease waives all errors which may intervene in the entry of the judgment, etc.

There is no vacation time of the courts in Cook county. Therefore the cases cited by counsel in which judgments by confession were entered in vacation have no bearing on the instant case. In the absence of a bill of exceptions it will be presumed that the court heard sufficient testimony to warrant the entry of the judgment under the *cognovit*. Where a judgment by confession is entered in vacation no testimony can be heard because the clerk of the court entering the judgment is simply a ministerial officer, and has no power to take or hear testimony for any purpose. On the

motion to vacate the judgment, it was contended that the court gave leave to plaintiff to amend the *cognovit* on its face, by allowing an associate attorney, of the substituting attorneys, to insert in the affidavit of claim that he had knowledge of the facts and to execute the affidavit of claim and to swear to it in open court in the presence of and by the deputy clerk of the municipal court of Chicago on the 25th day of May, A. D. 1928, who acknowledged the affidavit of claim on that day, although the judgment had been entered on the 9th day of April, 1928.

Whatever may have been done on the hearing of that motion is not a part of the common-law record and without a bill of exceptions the action of the court on that motion is not before us for review.

It was held in *Pratt v. Indian River Garden Corp.,* 211 Ill. App. 505, that even though defendant perfected an appeal from an order overruling a motion to vacate a judgment, if there is a failure to preserve, by bill of exceptions, the affidavit in support of the motion, there is nothing to review and the judgment will be affirmed. That is the exact situation in the case at bar.

In *Boyles v. Chytraus,* 175 Ill. 370, it was held that the same presumptions will be indulged in favor of a juagment by confession entered in term time upon a *cognovit* as are indulged in the case of original judgments of courts of general jurisdiction; and that in the absence of a bill of exceptions preserving the warrant of attorney, affidavit of execution and the note upon which judgment by confession was rendered in term time, it will be presumed the court heard evidence on the questions as to whether the note was properly indorsed, and whether the warrant of attorney was so drawn as to bind the defendants. The foregoing is an affirmance of the same case in 66 Ill. App. 592.

The original judgment is not before us, simply the proceeding denying defendant's motion to vacate the judgment by confession. As said in *Lake Shore Sand Co. v. Goodman,* 85 Ill. App. 353:

"This court has no jurisdiction to consider any alleged error at the trial or in the entering of judgment."

And in *Waterman v. Caton,* 55 Ill. 94, the court said:

"The judgment having been entered in term time, the note and warrant of attorney could not become a part of the record, unless introduced into it by a bill of exceptions. In this case there was no bill of exceptions taken. The rule laid down in the case of *Magher v. Howe et al.* 12 Ill. 380, must govern.

"In *Durham v. Brown,* 24 Ill. 94, it was held, that where the proper papers are filed, upon a confession of judgment, they become, by force of the statute, a part of the record, and no bill of exceptions is necessary to bring them before this court, but, in that case, the judgment was entered in vacation, and the rule there laid down does not apply here. The distinction, in that regard, is clearly shown in the case of *Roundy v. Hunt,* 24 Ill. 600; when the judgment is entered in vacation, upon the filing of the proper papers, they became a part of the record, without being embodied in a bill of exceptions; but when the judgment is entered in term time, the warrant of attorney and the note upon which the judgment is confessed, can become a matter of record only by being preserved in a bill of exceptions."

For the failure of defendant to preserve by bill of exceptions the proceedings upon his motion to vacate the judgment, naught is presented by the record for our review. Therefore the judgment of the municipal court is affirmed.

*Affirmed.*

WILSON and RYNER, JJ., concur.