Warren Gearty, a Minor, by William P. Gearty, His Guardian, Appellant, v. The L. Fish Furniture Company, Appellee.

Gen. No. 39,299.

Opinion filed March 30, 1937.

J. KENTNER ELLIOTT, of Chicago, for appellant.

MILLER, GORHAM, WALES & ADAMS, of Chicago, for appellee; EDWARD R. ADAMS, HERBERT C. DE YOUNG and WILLIAM SIMON, of Chicago, of counsel.

Mr. Justice Friend delivered the opinion of the court.

July 5, 1928, Warren Gearty, a child three years of age, was injured by a truck owned by L. Fish Furniture Company, defendant herein. Thereafter, December 20, 1928, Peter Keserich, his stepfather, was appointed guardian of the minor's estate (his ward being designated in the proceeding as Warren Keserich), and the following day he filed a verified petition in the probate court alleging that the only asset of the estate was a cause of action against L. Fish Furniture Company for injuries sustained by his ward, that the furniture company had offered to compromise and settle the cause of action for $3,300, and praying for an order granting him leave to compromise and settle on that basis. An order was entered reciting that the court had examined the petition and was fully advised in the premises, granting the guardian leave to accept $3,300 in full settlement of the claim, that $590 thereof be expended for hospital bills, $1,002 for medical services, and $650 for attorney's fees. Pursuant to the entry of the order, defendant paid Peter Keserich, as guardian, $3,300 in full settlement of the claim, and received a release signed by Peter Keserich, guardian of the estate of Warren Keserich, executed December 20, 1928, releasing it from ''all claims, demands, actions, causes of actions or suits at law, for or because of any matter or thing done, omitted or suffered to be done by said L. Fish Furniture Company, its agents and servants from the beginning of the world to and including the day and date hereof, and especially on account of a certain accident resulting in injuries sustained by said Warren Keserich, a minor, on July 5, A. D. 1928 at or near 4012 W. Cullom avenue, Chicago, Illinois.''

Appellee states in its brief, *de hors* the record, that Peter Keserich and the boy's mother were lawfully

married on May 27, 1926, more than two years prior to the accident. It appears from the order of the probate court that a substantial portion of the $3,300 received from defendant by way of settlement was to be used for hospital bills, medical attention and attorney's fees. The balance was deposited in the Elston State Bank, where it remained on deposit until the bank failed.

More than four years after the settlement of this claim and the execution of the release, William P. Gearty, an uncle of the minor, petitioned the probate court to be appointed guardian of the estate of "Warren Gearty," and letters of guardianship were issued to him, thus opening a new and another estate for said minor, bearing different docket, page and file numbers from those of the estate of "Warren Keserich." May 25, 1933, without notice to L. Fish Furniture Company, as appears from the uncontroverted affidavit of Louis Ets Hokin, its secretary, the newly appointed guardian procured an order from the probate court finding that Peter Keserich was not the father of the minor and not related to him by ties of blood or otherwise, and that said minor never lawfully bore the name of Keserich; that the minor was injured July 5, 1928, through the negligence of L. Fish Furniture Company; that letters of guardianship issued to Peter Keserich, and an order entered granting him leave to settle the minor's claim for $3,300; that pursuant to an order entered by the probate court the claim was so settled and compromised, and a release executed and delivered to L. Fish Furniture Company; that Peter Keserich was without authority or right to be appointed guardian of the estate of Warren Gearty. and to obtain from or through the probate court permission to compromise his claim for damages, and that his doings in that behalf were without right or authority and in derogation of the legal rights of the

minor, and it was ordered that Peter Keserich show cause, within 15 days, why he should not be punished for contempt of court by reason of his acts and doings in securing the letters of guardianship, and that a citation issue in the usual form; that the compromise and release of the minor's claim for damages against L. Fish Furniture Company, and the release thereof, be declared null and void as to Warren Gearty, and that said minor be restored to his legal right of action against L. Fish Furniture Company in like manner as if such compromise and release had never been made.

Subsequently the newly appointed guardian, William P. Gearty, instituted this proceeding against defendant in the superior court, and May 22, 1936, defendant moved to strike the complaint and to dismiss the suit pursuant to sec. 48 of the Practice Act, setting forth its release as a complete bar to the suit. Plaintiff replied by referring to the order of the probate court, setting the release aside, but the trial court held the release to be in full force and effect, sustained defendant's motion to strike the complaint and dismissed the suit. This appeal followed.

After a careful examination of the authorities cited by defendant, we have reached the conclusion that the superior court properly dismissed the complaint for the following reasons: the jurisdiction of the probate court to issue letters of guardianship to Peter Keserich is unchallenged. Neither is there any contention that fraud was exercised by defendant in procuring the release. Under the circumstances the subsequent appointment of William P. Gearty, as guardian for the same minor and orders entered in that estate pursuant to Gearty's petition, constituted a collateral attack on the prior order of the probate court, and under the decided weight of authority in Illinois and other jurisdictions this will not be permitted. It was so held in *Balsewicz v. Chicago, Burlington & Quincy*

*R. Co.*, 240 Ill. 238. In that proceeding suit was brought by the father of decedent, as administrator of his estate, against the defendant for damages resulting from the death of his son. Letters of administration had been issued to the plaintiff by the county court of Bureau county. Upon trial defendant offered in evidence a certified copy of letters of administration previously issued on decedent's estate by the probate court of Cook county to one Wachowski. The evidence did not show on whose petition these letters issued, who Wachowski was, or any relationship that he bore to the decedent. He was in fact a stranger to the Balsewicz family. The trial court permitted the plaintiff to prove facts showing that the probate court of Cook county had no jurisdiction to grant letters of administration, and refused to instruct the jury that the release of the Cook county administrator was a defense to the suit. On appeal it was contended that the trial court had erred in admitting this evidence and in refusing the instruction offered with reference to the release. In discussing the question under consideration the court said (p. 247):

"While there are decisions to the contrary, the decided weight of authority is in favor of the proposition that the appointment of an administrator by a court of general probate jurisdiction is valid against collateral attack on the ground that the decedent was not a resident of the county. . . . It was error to admit evidence to impeach the Cook county administration and to refuse to instruct the jury that the release was a bar to the action."

In the *Balsewicz* case it appears that the probate court of Cook county did not in fact have jurisdiction to appoint Wachowski as administrator, because deceased was not a resident of this county. Nevertheless, the Supreme Court refused to permit a collateral attack on the appointment. In the case at bar the

minor lived in Chicago and the probate court of Cook county had unquestioned jurisdiction to appoint a guardian for his estate.

Under similar circumstances it was held in *Successions of Keller and wife,* 39 La. 579, 582, that an order of a court of competent jurisdiction appointing a guardian cannot be collaterally attacked. That case is similar to the proceeding before us because, as here, the appointment of the guardian was challenged in the same court which had made the appointment, and it was held to be ''one of the most familiar rules of our jurisprudence . . . that the correctness or regularity of a judgment of a competent court appointing a tutor cannot be collaterally reviewed or questioned, even by the court which has made the appointment.''

In *Hodgdon v. Southern Pacific R. R. Co.,* 75 Cal. 642, it was held (p. 648) to be ''well settled that a judgment, regular on its face, and rendered by a court having full jurisdiction to render it, cannot be attacked collaterally on the ground of fraud, collusion or other matter *aliunde.* The opposite rule would subject to the uncertain and insecure test of parol evidence those things to which the law attaches the utmost conclusiveness and stability,—judgments and judicial records. . . . *And the appointment of a guardian by a probate court is a judgment to which the rule applies.*'' (Italics ours.) To the same effect is *Swindle v. Rogers,* 188 Ark. 503, 66 S. W. (2d) 630.

In the second guardianship estate the probate court entered an order declaring the release delivered to defendant to be null and void and of no effect. This order was predicated upon collateral representations contained in William P. Gearty's petition for letters of guardianship. No fraud was charged and since defendant's release was under seal we think that under the settled rule of law it could be set aside only in a direct proceeding or upon application to a court of

equity having general jurisdiction. It was so held in *Jackson v. Security Mutual Life Ins. Co.*, 233 Ill. 161, where the court said that a release under seal, alleged to have been procured through fraudulent representations as to collateral matters, could be set aside or reformed only in a court of equity. In *Hartley v. Chicago & Alton R. Co.*, 214 Ill. 78, Mr. Justice Cartwright, speaking for the court, said that ''if there is no fraud in securing the execution of the release it can only be avoided by a proceeding in equity.'' To the same effect is *Papke v. G. H. Hammond Co.*, 192 Ill. 631.

In attempting to set aside the release under seal the probate court was in effect adjudicating the rights of a third party, the L. Fish Furniture Company, over which it clearly had no jurisdiction. Defendant received no notice of the proceeding, and, therefore, the release, for which it had paid a substantial sum, was attempted to be invalidated without giving defendant an opportunity to be heard.

While this appeal was pending defendant made a motion to dismiss the appeal on the ground that notice of appeal was not served within the 90 days required by sec. 76 of the Civil Practice Act (Illinois State Bar Stats. 1935, ch. 110, ¶ 204, p. 2449; Jones Ill. Stats. Ann. 104.076). While it is evident from the record that plaintiff failed to comply with this section of the statute, nevertheless his counsel by counter suggestions asks that we grant him leave to appeal under the one-year provision of the statute. Inasmuch as a showing is made that plaintiff did not have sufficient funds to perfect his appeal within the 90 days, defendant's motion to dismiss the appeal is denied, and plaintiff's motion for leave to appeal is granted. However, it appears from the record that plaintiff is appealing from the order entered in this case June 26, 1936. Defendant's motion to strike the complaint was made and

sustained May 22, 1936, and plaintiff's suit was on that date dismissed in the superior court. Plaintiff thereupon entered an oral motion to vacate the order, which was continued to June 26, 1936, apparently for the purpose of allowing plaintiff to file a petition in support of his motion. No such petition was in fact filed, and when the matter again came on for hearing June 26, 1936, in the absence of any petition or affidavits by plaintiff, the court had no alternative but to deny the motion to vacate the prior order of dismissal. Under the circumstances this appeal presents for consideration only plaintiff's motion to vacate the order of dismissal of May 22, 1936, and the propriety of the court's ruling in denying that motion. Since no showing was made by plaintiff in support of his motion, the court's ruling was obviously proper. A similar situation was presented in *Smith v. Brittenham,* 88 Ill. 291, where the court said (p. 293):

"It is not perceived how the appeal, in this case, can bring before this court anything but the decision of the circuit court overruling the motion of defendant to vacate the decree in the cause, and for leave to answer to the merits of complainant's bill."

In *National Ins. Co. v. Chamber of Commerce,* 69 Ill. 22, the following quotation from the court's opinion is also pertinent to the question under consideration (pp. 24, 25):

"It will be perceived that the first, third, fourth and fifth assignments of error question the propriety of the judgment as originally entered. Counsel for appellant seems to treat this as an appeal from that judgment. In this he is clearly mistaken. . . . This appeal . . . brings before us for review merely the propriety of the court's ruling upon the motion to vacate the judgment and set aside the default."

In *Scanlan v. Wheeler,* 51 Ill. App. 179, at p. 180, it was said:

"The appeal from the order overruling the motion to vacate the judgment does not bring up the question of the propriety of the judgment entered at the preceding term. . . .

"The only thing brought to this court by this appeal, is the propriety of the order overruling the motion to vacate the judgment."

Since plaintiff's notice of appeal expressly states that the appeal is being taken from the order of June 26, 1936, and not from the order of May 22, 1936, and since no petition or affidavits were filed in support of the motion to vacate the order of dismissal, we think, under the foregoing authorities, the ruling of the court was correct; in fact, no showing was made which would have justified any other decision.

Reduced to simple terms the settlement of the minor's claim was apparently regular in every way. Defendant acted in good faith, and no fraud is charged or shown. A substantial sum of money was paid to Peter Keserich, as guardian, pursuant to the order of a court which had jurisdiction to act. To hold that such a proceeding could be invalidated many years later by a collateral attack upon the order of appointment and the setting aside of a release given in good faith and pursuant to the court's order, especially without notice to the Fish Furniture Company, would make it unsafe for any one to settle a minor's claim, even with the approval of a court of competent jurisdiction.

For the reasons stated the order of the superior court dismissing the complaint should be affirmed, and it is so ordered.

*Order affirmed.*

John J. Sullivan, P. J., and Scanlan, J., concur.