**ROSS v. SERVICE LINES, Inc.**
**No. 625–D.**

District Court, E. D. Illinois.
March 13, 1940.

Herbert H. Patterson, of Chicago, Ill., and Jones, Grant & Sebat, of Danville, Ill., for plaintiff.

W. M. Acton, of Danville, Ill., for defendant.

LINDLEY, District Judge.

On October 2, 1939, this court entered an order granting a separate trial upon the issues raised by the first defense, namely, that of release of the damages claimed, and directed the parties to file their briefs upon the question of whether the trial upon the issue thus framed, should be before the court or before a jury. After the expiration of four and a half months, plaintiff has filed a brief and moves to vacate the order of October 2.

Federal Rules of Civil Procedure, rule 42, 28 U.S.C.A. following section 723c, provides that the court, in furtherance of convenience or to avoid prejudice, may order a separate trial of any claim or issue. Inasmuch as in reply to the defense of release of damages incurred, plaintiff confesses the release but attempts to avoid it and the parties are at issue as to whether such release was fraudulently obtained, in view of the rule, the court deems it best that the issue thus framed be tried and disposed of before the trial upon the merits, if the latter should become necessary. The case is clearly within the language of Union Pacific R. Co. v. Syas, 8 Cir., 246 F. 561, 567, wherein the court said: "In the case before us, and all others like it, where it appears that no damages can be recovered until the release is out of the way, orderly procedure and a due regard for the rights of the parties demands that the equitable issues should be first tried by the court sitting as a court of equity. It is true the chancellor may take the advice of a jury, but in such cases the issues to be passed upon by the jury should be carefully framed, and the jury should not be the one which also tries the action at law, as the desire of the jury to render a verdict in the law action in favor of plaintiff or defendant may so cloud their judgment as to render their advice unsafe to follow. We are of the opinion that the failure of the trial court to try the equitable issues raised by the pleadings as a court of equity prior to the trial of the action

for damages, as requested by counsel for the defendant, was prejudicial error." Of like purport are Cavender v. Virginia Bridge & Iron Co., D.C., 257 F. 877; Hoad v. New York Central R. Co., D.C., 3 F. Supp. 1020. If such procedure was proper before the adoption of the rules, as the first two cases held, it is even more so in view of the Supreme Court's provision for separate trials to avoid prejudice or to promote convenience.

Plaintiff contends also that the trial upon the issue of validity of the release must be before a jury. The release under seal recites the receipt of consideration in settlement of damages incurred in the accident mentioned in the complaint. Plaintiff now asserts that at the time he signed the release he did not read it and that it was represented to him, and he believed that he was, releasing only the claim for damages to his wife's truck. These acts, he says, constitute fraud invalidating the transaction. Defendant admits that plaintiff did not read the release but avers that it was read to him and that he understood it. So the issue between the parties is whether upon these averments, an equitable question arises or one at law, justifying a demand for jury trial.

In Papke v. Hammond, 192 Ill. 631, 61 N.E. 910, 912, the court distinguished between two kinds of fraud, first that going to the execution of the instrument, and, second, that which consists of fraudulent representations as to the nature or value of the consideration, and said: "It seems to be well settled that when the signature to an instrument under seal is procured by false representations, the nature of the instrument being fully understood by the party signing it, the effect of such instrument can only be avoided by a separate proceeding in equity. * * * In an action at law a written release of the character of that here introduced in evidence cannot be impeached for fraud not inhering in the execution thereof, but which only goes to the extent of the consideration." In the later case of Woodbury v. United States Casualty Co., 284 Ill. 227, 120 N.E. 8, 11, in discussing releases in the form of deeds or sealed instruments, the same court said: "It is well settled in this state that in an action at law a release under seal by a person of his cause of action is a complete bar, unless its execution is shown to have been obtained by fraud. Such a release carries with it the presumption that it was

executed for a valuable consideration, and no evidence can be introduced for the purpose of showing that there was no consideration for the giving of the instrument. To do so would be to permit one to deny his receipt of the consideration expressed for the purpose of making void a sealed instrument, which under the law in this state is not permissible in any case. Before such an instrument can be impeached for fraud relating merely to the consideration and not to its execution, resort must be first had to a court of equity to set it aside for such fraud." And in Chicago City R. Co. v. Uhter, 212 Ill. 174, 72 N.E. 195, 196, the court said: "There are two kinds of fraud for which such a release as was here introduced in evidence may be impeached. Where a party, signing such an instrument is induced to execute it by a misrepresentation or fraudulent representations as to collateral matters, or as to the nature and value of the consideration, resort must be had to a court of equity for relief. In such cases the party fully understands what he is signing, and is aware of the nature and character of the instrument executed by him, but is deceived by fraudulent representations as to facts outside of the instrument itself. There is another kind of fraud, however, for which a release may be impeached, and that is fraud which inheres in the execution of the instrument; that is to say, where the signer of the instrument is deceived into signing it by the belief that he is signing something other than that which he does really sign. * * * Where fraud of the latter kind exists—that is; fraud in the execution of the instrument itself—it may be shown in an action at law." See also Gearty v. L. Fish Furniture Co., 289 Ill.App. 538, at page 544, 7 N.E.2d 493.

█ █ Plaintiff alleges that the release was obtained by "trickery"; this, obviously, is a conclusion. The averments of specific fact relied upon to justify the characterization or conclusion of trickery, clearly indicate that plaintiff is relying upon alleged fraudulent representations as to the consideration of the release executed by the plaintiff; that plaintiff knew he was signing a release, but claims that it was for damages other than those which he now sues for. This under the Illinois law, is clearly an alleged fraud of such character as a court of common law cannot give cognizance to but which must be asserted in and relief from which can

be granted only by a court of equity. Consequently the plaintiff is not entitled to a jury trial but the issue must be submitted as one in equity.

Plaintiff cites and relies upon two cases in the Supreme Court of the United States, Enelow v. New York Life Insurance Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440; Adamos v. New York Life Ins. Co., 293 U.S. 386, 55 S.Ct. 315, 79 L.Ed. 444. There the insurance company claimed that, because the insured had made false representations in his application, the policy should be cancelled; that there was no adequate remedy at law for such relief and, therefore, plaintiff's bill in equity to cancel the policy should be sustained. The Supreme Court pointed out that the alleged fraud was of such character that defendant could obtain full relief at law. I take it that since Erie v. Tompkins, the remedies of the parties in Illinois shall be determined as the law of that state directs, unless in violation of some federal statute. The existence or non-existence of a certain remedy and the determination of its character, as between law and equity, involve more than mere procedural questions. Consequently, I consider myself bound to follow the reasoning of the Supreme Court of Illinois and to grant to each party the rights and impose upon them the obligations that they have under the state law.

Accordingly the motion to vacate the order of October 2, 1939, is denied; plaintiff's motion for jury trial upon the issue of validity of the release pleaded is denied and the trial of such issue will be before the court as a trial of an issue in equity.